[No. 585.  Decided February 18, 1893.]

R. L. SABIN, *Appellant*, v. J. A. ADAMS *et al.*, *Respondents*.

ASSIGNMENT FOR BENEFIT OF CREDITORS — SUBSEQUENT ATTACHMENT — PRACTICE.

Where goods in the hands of an assignee for the benefit of creditors have been attached by a creditor of the assignor, the proper practice is for the assignee to bring his proceeding for possession in the matter of the assignment, instead of intervening in the attachment suit.

*Appeal from Superior Court, Lewis County.*

*Cox, Teal & Minor,* and *W. H. Winfree,* for appellant.

*Leroy A. Palmer, Landrum & Landrum,* and *J. M. Buxton,* for respondents.

The opinion of the court was delivered by

STILES, J. — It was technically an error to permit the assignee of Adams, Hart & Co. to file a sort of intervention in this case in order to get possession of the goods taken from him under the attachment issued by Sabin. The proceeding should have been in the matter of the assignment, and the officer and the parties behind him should have been dealt with summarily for interfering with the assignee's possession, which was the possession of the court. But we shall not order the property to be given back to the sheriff because the petition of the assignee was entitled in the wrong case.  Such an order would be to encourage a practice which seems to be growing, and which tends to fritter away every estate assigned in useless litigation, viz., that of dissatisfied creditors attacking the assignment for some fraud of the debtor.  The sooner it is understood that when an estate is assigned it is in the possession of the court for orderly *pro rata* distribution, and that no one

can interfere with it except at his peril, the sooner creditors will be able to realize fair dividends, and the objections to the law of assignments will disappear. If creditors would, in assisting assignees to realize on the property in their hands, and in aiding the court to hold them to strict account, expend half the ability and ingenuity which they exert in their efforts to overreach each other, the result of these assignments would be far more satisfactory to all parties.

The merits of this case have been fully disposed of by the decisions rendered in *Hamilton Brown Shoe Co. v. Adams, ante,* p. 333, and *Mansfield v. First National Bank of Whatcom, ante,* p. 665, and for the reasons therein set forth the order is affirmed.

DUNBAR, C. J., and ANDERS, HOYT and SCOTT, JJ., concur.