[No. 937. Decided December 27, 1893.]

FRANK QUINBY, *Assignee, Respondent,* v. SLIPPER & FULLER *et al., Appellants.*

ENFORCEMENT OF MECHANIC'S LIEN — PRIOR ASSIGNMENT FOR BENEFIT OF CREDITORS — INJUNCTION BY ASSIGNEE.

A complaint for foreclosure of a mechanic's lien which makes the assignee of the estate of the person to whom the materials were furnished a party, and, without describing him as assignee, merely alleges that he has some interest in the premises, must be interpreted as directed against such party's interest in his personal capacity, and not as assignee.

The enforcement of a judgment of foreclosure in such action may be enjoined, although void, as, the decree being directed against a specific piece of property, a sale thereunder would constitute a cloud upon the title which might interfere with the rights of the assignee's estate.

Under the statutes of this state a mechanic's lien cannot be enforced against property after it has passed into the hands of an assignee for the benefit of creditors, but all those having claims against the estate must present them in the insolvency proceeding.

*Appeal from Superior Court, Skagit County.*

*Million & Houser,* for appellants.

*Frank Quinby,* for respondent.

The opinion of the court was delivered by

HOYT, J.—Appellants furnished material for the erection of a building for one Hamilton, and not being paid therefor, filed their lien under the statute, and brought their action against said Hamilton to foreclose the same. In their complaint in said action it was alleged that one F. W. Carlton had some interest in the premises against which the lien was sought to be enforced. A decree of foreclosure was had, whereupon this action was prosecuted by the respondent as assignee of the estate of said Hamilton to enjoin the appellants from enforcing said foreclosure judgment. Said Hamilton made an assignment before the commencement of the action for foreclosure of the lien, and said F. W. Carlton was, at the time the said action was commenced, the assignee by election of the creditors, and one of the questions presented is as to whether the allegation in the complaint in the foreclosure proceeding that said Carlton claimed some interest in the property was sufficient to make the estate of said Hamilton a party to the action. In our opinion it was not. Such allegation must be interpreted to have been directed against the said Carlton's interest in his personal capacity, and not as assignee of the said Hamilton.

The appellants claim that, this being so, the judgment was absolutely void as against the estate, and for that reason the proceedings thereunder could in no manner affect the interests thereof. We cannot agree with this contention. The decree was in terms directed against a specific piece of property, and a sale thereunder would in some degree constitute a cloud upon the title, which would interfere with the assertion of the rights of the estate in regard thereto.

The only other question presented by the record is, as to the right of the plaintiff as a lien claimant to maintain his

action for the foreclosure thereof, notwithstanding the fact that the person against whom the lien was to be enforced had, before the date of the commencement of the action, made an assignment under the statute as to insolvent debtors. In our opinion such action could not be maintained. It is, perhaps, true that under a common law assignment the estate taken by the assignee would be subject to the lien, and the person holding it could go into court and enforce his rights thereunder as though such assignment had not been made, by simply making the assignee a party to the proceeding in case he desired to foreclose him as such assignee from raising any question in regard thereto. But this court has frequently held that an assignment under our statute is entirely different. We have held that upon the execution of the deed of assignment the person executing it to all intents and purposes surrenders all his property, whether named in the deed of assignment or not, to the jurisdiction of the court to be applied as directed by the statute. That the assignee named in said deed of assignment, or thereafter chosen, holds the property substantially as an officer of the court. This being so, it must follow that nothing can be done by any person in reference to said property or looking to the enforcement of any lien against the same, without its leave first obtained. By such assignment the jurisdiction of the entire matter of adjusting claims against the estate, whether secured by lien or otherwise, passes to the court, and those having claims must present them in the insolvency proceeding. This is not only necessary for the reason that the property is in the jurisdiction of the court, but it is in the interest of economy, and the proper adjustment of the affairs of the insolvent. Those having preferred claims can in no manner be injured by having thus to present them, for the reason that the court is clothed with ample power to protect the rights of such preferred creditors.

The foreclosure proceeding was, therefore, wrongfully commenced, and as the enforcement of the judgment rendered would tend to embarrass a proper administration of the affairs of the insolvent the lower court properly enjoined any enforcement thereof, and its action in so doing must be affirmed.

DUNBAR, C. J., and STILES and SCOTT, JJ., concur.

ANDERS, J., not sitting.