[No. 2338. Decided November 23, 1896.]

GILBERT HUNT MANUFACTURING COMPANY, *Appellant,*
v. JOHN R. WHEELER *et al., Respondents.*

ASSIGNMENT FOR BENEFIT OF CREDITORS — TITLE OF ASSIGNEE — CHATTEL MORTGAGE — FORECLOSURE SUBSEQUENT TO ASSIGNMENT.

While an assignment transfers all of the property of an insolvent debtor to the jurisdiction of the court, it passes such property subject to all valid liens existing against it.

Where leave to foreclose a chattel mortgage has been granted by the court, upon the petition of the mortgagee subsequent to an assignment for the benefit of creditors, made by the mortgagor, it is error for the court to dismiss same on the motion of the assignee on the ground of the pendency of said assignment.

Appeal from Superior Court, Garfield County.—
Hon. R. F. STURDEVANT, Judge.   Reversed.

*M. F. Gose, Thomas H. Brents,* and *Wellington Clark,*
    for appellant:

An assignment for the benefit of creditors passes
just the interest of the assignor and nothing more.
*Bierer v. Blurock,* 9 Wash. 63; *State, ex rel. Baum,
v. Superior Court,* 14 Wash. 324; *State, ex rel. Hunt, v.
Superior Court,* 8 Wash. 210; *Gammons v. Holman,* 11
Ore. 284; *Helms v. Gilroy,* 20 Ore. 517; *Hooven v. Bur-
dette,* 153 Ill. 672; *Shad v. Livingston,* 31 Fla. 89; *Jan-
ney v. Habbeler,* 14 South. 624; *Locket v. Robinson,* 31
Fla. 134; *Cohn v. Stringfellow,* 14 South. 286; *Prouty
v. Clark,* 73 Iowa, 55; *Einstein's Sons v. Shouse,* 24
Fla. 490; *Sliker v. Fisher,* 45 N. J. Eq. 136; *Campbell,
etc., Mfg. Co. v. Walker,* 22 Fla. 412; *Merwin v. Austin,*
58 Conn. 22; *Hawks v. Pritzlaff,* 51 Wis. 160; *Paine v.
Sykes,* 16 South. 903; *Union Trust Co. v. Trumbull,* 137
Ill. 146; *Sandwich Mfg. Co. v. Wright,* 22 Fed. 631.

Whether appellant had or had not the right, to
bring and maintain this action without first obtaining
leave to do so from the court in .the insolvency mat-
ter, the obtaining of that leave by him dissipated all
doubt and gave him the right and invested the court
with the jurisdiction thereof, beyond all question,
and the lower court erred in holding otherwise and
dismissing the action.   *Societe D'Epargues v. Mc-
Henry,* 49 Cal. 351; *HcHenry v. La Societe Francaise
D'Epargues,* 95 U. S. 58.

*Ben F. Tweedy,* for respondents.

The opinion of the court was delivered by
    SCOTT, J.—Plaintiff brought this action to foreclose

a chattel mortgage.    Subsequent to the making of the mortgage the mortgagor made an assignment for the benefit of his creditors to the respondent Brooks, which assignment proceeding was pending in the court where the action to foreclose the mortgage was brought.    Prior to the bringing of the action the plaintiff petitioned said court, setting up its mortgage and the pendency of said assignment proceeding, for leave to bring said action to foreclose, and leave of court was duly obtained and the action instituted. Thereafter the assignee appeared in said suit and moved to dismiss the same on the ground of the pendency of said assignment, and the motion was granted and the cause dismissed.    Whereupon plaintiff appealed.

It is contended by the respondents that the action of the court in dismissing the foreclosure suit was based upon the case of *Quinby v. Slipper*, 7 Wash. 475 (38 Am. St. Rep. 899, 35 Pac. 116), and that this court held in that case that all claims against the insolvent must be presented and prosecuted in such proceeding. But we do not so view the decision there rendered. That was an action to foreclose a mechanic's lien, which was instituted without asking or obtaining leave of court so to do.    While we have held that an assignment transfers all of the property of the insolvent debtor to the jurisdiction of the court, regardless of whether it is mentioned or described in the deed of assignment, we have also held that the assignment only passes the interest of the assignor in his property, and that it is subject to all valid liens existing thereon. *Bierer v. Blurock*, 9 Wash. 63 (36 Pac. 975).

It appears in this case that the mortgagor had covenanted in said mortgage, in case of default therein or in case the property mortgaged was molested or inter-

fered with, or if the mortgagee should deem himself
insecure, that the mortgagee should be entitled to
take immediate possession of the property and to fore-
close the mortgage, etc. A mortgagee of chattels might
be willing to accept such security with a condition of
the kind mentioned regarding possession, and might
be unwilling to accept it without such condition, or if
it was understood that the law required in case of
foreclosure, where the mortgagor had made an as-
signment, that the foreclosure must await the de-
termination of the insolvency proceeding and the
possession of the property meanwhile be held by the
assignee therein. The right of possession pending a
foreclosure suit might be a valuable right. It might be
that a mortgagee would be in a situation to take care
of the property pending a proceeding to foreclose,
much more cheaply and advantageously than the as-
signee in the insolvency proceeding could care for it,
and the mortgage security preserved to that extent.

It is contended that the contractual right to take
possession and foreclose, as contained in the mortgage,
would authorize the mortgagee to proceed without pre-
senting his claim and obtaining permission to prose-
cute it independently. But that question is not involved
in this case. We see no reason why the substantial
rights of the mortgagee can not be fully protected in
the insolvency proceeding. If the validity of the
mortgage is not contested, a sale of the property can
be directed to take place without waiting for the ter-
mination of such proceedings, and the proceeds applied
in satisfaction of the mortgage debt. Or in case the
debt or the validity of the mortgage is disputed, that
matter could be determined in such proceedings inde-
pendently of the other matters involved in the assign-
ment, and a sale then had. But in this instance the

court made no such order, but after a presentation of the petition authorized the institution of the action to foreclose; and, we are of the opinion that the court had authority to do this, and that it was error, after the institution of such suit and the incurring of costs, to dismiss the same for the reason stated, even though the withholding or granting of leave to sue was a matter addressed to the discretion of the court.

Reversed and remanded for further proceedings.

ANDERS, GORDON and DUNBAR, JJ., concur.

HOYT, C. J., dissents.