[No 2219. Decided November 24, 1896.]

THE PENN MUTUAL LIFE INSURANCE COMPANY, *Respondent*, v. WILLIAM H. FIFE *et al.*, *Appellants.*

ASSIGNMENT FOR BENEFIT OF CREDITORS — LEAVE TO MORTGAGEE TO SUE — DISCRETION OF COURT — COLLATERAL ATTACK.

Although an assignment for the benefit of creditors has been made by a mortgagor, it is a matter within the discretion of the court, to grant leave to the mortgagee to institute a separate suit for foreclosure.

The action of the court in assignment proceedings in granting leave to a mortgagee of the assignor to bring a separate suit for foreclosure cannot be collaterally attacked in the foreclosure proceeding.

Appeal from Superior Court, Pierce County.—Hon. W. H. PRITCHARD, Judge. Affirmed.

*Parsons, Corell & Parsons,* for appellants.

*Doolittle & Fogg* (*Charles O. Bates,* of counsel), for respondent.

The opinion of the court was delivered by

Dunbar, J.—This action was brought upon a promissory note given by the defendants William H. Fife and Harriet A. Fife, his wife, to the plaintiff, respondent here, secured by a mortgage upon real property, for the foreclosure of the mortgage. Subsequent to the execution of the mortgage Fife and wife assigned all their property for the benefit of creditors, one of the appellants, Zephania J. Hatch, being appointed by the court assignee of the estate. Notice to all the creditors was duly made and published by the assignee, and subsequent to the assignment the respondent appeared in the assignment proceeding, which was No. 11,826 in the superior court, and filed a petition for leave to sue the assignee and foreclose his mortgage. Leave was granted by the court and this action was accordingly brought. Judgment of foreclosure was pronounced and from such judgment an appeal is taken here.

The judgment is simply a judgment of foreclosure without any personal judgment. It is contended by the appellants that the court acted without jurisdiction in granting leave to foreclose the mortgage by a separate suit, and many cases are cited from this court to sustain the view that the respondent's remedy was exclusively in the assignment case. We do not think that the cases cited are in point, as in none of them had the mortgagee obtained the leave of the court to sue. In fact, in *Quinby v. Slipper,* 7 Wash. 475 (35 Pac. 116), it was especially stated by this court that nothing could be done by any person

in reference to property held 'by the court, looking to the enforcement of any lien against it, without the leave of the court first obtained. *Hamilton-Brown Shoe Co. v. Adams,* 5 Wash. 333 (32 Pac. 92), was where there was an attempt to seize property in the possession of an assignee by writ of attachment. The lien in that case was sought to be established by the attachment itself, a very different proposition from the one at bar. Probably the case which comes nearest to sustaining appellant's theory is *Meeker v. Sprague,* 5 Wash. 242 (31 Pac. 628). That was a case where the mortgagee made application to the court for permission to sue the receiver, which permission was refused, and from which order of refusal an appeal was taken to this court. There it was held that where a court has, in a suit in equity, regularly acquired full jurisdiction and has appointed a receiver for the corporation, the refusal of the court to allow a mortgagee of the corporation to institute foreclosure proceedings in a separate suit against the receiver is not an abuse of the discretion vested in the court. It is true that it was stated in the opinion in that case that the court did only what it should have done when it refused to allow another suit in equity to be instituted; but that case was based on the theory that such application was a matter addressed to the sound discretion of the court and would not be disturbed unless it was found that such discretion was abused.

"Under these circumstances" said the court, "it is clear to us that the application thus made by appellant was addressed to the sound discretion of the court in which it was presented. This is so clear from the authorities cited that we do not think it necessary to argue the question, especially as we do not understand the appellant to seriously dispute the proposition."

We do not desire to extend the restrictions on the rights of mortgagees to foreclose mortgages in the ordinary manner provided by law beyond the rule announced in that case, and if, as we held there, the application was a matter submitted to the discretion of the court in that case, the judgment of the court could not be collaterally attacked in the manner attempted here. This case also falls squarely under the rule announced by this court in *Gilbert Hunt Mfg. Co. v. Wheeler, ante,* p. 594. It is true in that case the question of the right of possession provided for in the mortgage, which was a chattel mortgage, is somewhat discussed in the opinion, but outside of that the rule announced is in harmony with respondent's contention.

The judgment will be affirmed.

SCOTT, ANDERS and GORDON, JJ., concur.

HOYT, C. J., dissents.