[No. 19765.  Department One.  August 10, 1926.]

SEATTLE CABINET WORKS, *Plaintiff*, v. NORDBY HAT SHOPS *et al.*, *Defendants.*

R. W. SPRAGUE, *as receiver, Appellant,* v. LEARY BUILDING COMPANY, *Respondent.*[1]

[1] ASSIGNMENT FOR BENEFIT OF CREDITORS (28)—RIGHTS AND REMEDIES OF CREDITORS. A statutory assignment for the benefit of the creditors puts the assignor's property in *custodia legis,* and excuses the bringing of an action for landlord's rent, required by statute to be commenced within two months after the date that the rent falls due.

[2] APPEAL (397, 398)—REVIEW—PRESUMPTIONS—FINDINGS AND JUDGMENT—RECORD—INCORPORATING EXHIBITS—NECESSITY. In the absence of anything in the record to show whether an assignment for the benefit of creditors was a statutory assignment or common law assignment, it will be presumed on appeal that it was a statutory assignment in support of findings and judgment that the property was placed in *custodia legis.*

Appeal from an order of the superior court for King county, Hall, J., entered December 11, 1925, in a receiv-

[1]Reported in 248 Pac. 78.

ership proceeding, awarding priority to claim for rent. Affirmed.

*Leopold M. Stern* and *W. H. Harris,* for appellant.

*James R. Gates,* for respondent.

ASKREN, J.—On March 25, 1925, the Nordby Hat Shops, a corporation, moved its merchandise and fixtures from the store room which it had leased from the Leary Building Company, without the knowledge of the lessor. The amount of rent due was $266.67. Nine days later, the Nordby Hat Shops assigned all of their assets to the Marine National Bank, as trustee for the benefit of creditors. On March 28, 1925, a verified claim for the rent due was served on the trustee. It claimed priority under the rent-lien statutes. The trustee converted the fixtures into cash. On August 17, 1925, a receiver was appointed for the defendant corporation, and in September, 1925, a verified claim for rent was filed with him. The receiver objected to the claim for rent being allowed as a priority, but, upon hearing, an order was made making it a preferred claim. The receiver appeals, and claims that the right of priority was lost, because no suit was started within two months from the date the rent became due.

[1] We have held that the lien for rent is not enforcible unless action is brought within two months of the time which it is sought to recover becomes due. *Culp v. McMehan,* 123 Wash. 499, 212 Pac. 1069.

Respondent admits the rule, but contends that it is excused from bringing an action because the assignment for the benefit of creditors placed the property in *custodia legis,* and no action could be maintained. We think this is the effect of our decisions in *Hamilton Brown Shoe Co. v. Adams,* 5 Wash. 333, 32 Pac. 92; *Sabin v. Adams,* 5 Wash. 768, 32 Pac. 793; *Quinby v. Slipper,* 7 Wash. 475, 35 Pac. 116, 38 Am. St.

899; *Cosh-Murray Co. v. Bothell,* 10 Wash. 314, 38 Pac. 1118; *State ex rel. Smith v. Clifford,* 119 Wash. 56, 204 Pac. 807.

In *Quinby v. Slipper, supra,* we held:

"The only other question presented by the record is, as to the right of the plaintiff as a lien claimant to maintain his action for the foreclosure thereof, notwithstanding the fact that the person against whom the lien was to be enforced had, before the date of the commencement of the action, made an assignment under the statute as to insolvent debtors. In our opinion such action could not be maintained."

[2] Appellant asserts, however, that this assignment was not the statutory assignment provided by our laws, but was a common-law assignment, and that under a common-law assignment there is no taking into custody by the law, and that an action to foreclose may be maintained. *Quinby v. Slipper, supra.*

But the record brought here does not contain the deed of assignment, and we have no knowledge as to its provisions. The only thing indicating its character is contained in the following portion of the order allowing the rent as a preferred claim.

"That on August 17, 1925, in the above entitled court, said R. W. Sprague was appointed receiver for the defendant corporation, and thereafter qualified; and there came into his hands as receiver certain amount of cash and goods and fixtures turned over by the common-law assignee and no other assets or property."

The court did not make a specific finding of fact that this was a common-law assignment. No question has been raised as to the power of a corporation to make either a common-law assignment or a statutory assignment, and every presumption must be in favor of the correctness of the court's order. Since under a common-law assignment the property would not have been in *custodia legis,* we must presume that this was a

statutory assignment, otherwise the court would have held that the claim was lost by reason of failure to bring suit within the two months period.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, FULLERTON, and BRIDGES, JJ., concur.