[No. 24542. Department Two. June 27, 1933.]

BLANCHE DARST, *Plaintiff*, v. CHARLES E. NORTON *et al.*, *Defendants.*

ELEANOR HANFORD *et al.*, *Appellants*, v. WARREN H. LEWIS, *as Receiver, Respondent.*[1]

[1]Reported in 23 P. (2d) 410.

*Charles A. Spirk,* for appellants.

*Koenigsberg & Sanford,* for respondent.

STEINERT, J.—On April 15, 1932, upon application of certain employe claimants, including the plaintiff herein, a receiver was appointed for Norton's Cafeteria, a corporation. On May 7, 1932, the appellants, owners of the building in which the corporation had been conducting its business, served upon the receiver's attorney, and on May 11, 1932, filed, their claim of lien in the aggregate sum of forty-two hundred dollars. In their claim, appellants asserted a prior lien upon the personal property then upon the premises, or on the proceeds thereof if sold under order of court. The priority thus asserted covered the rent accruing March 1 and April 1, 1932, respectively, totaling eight hundred dollars.

Shortly thereafter, the court ordered the property to be sold free and clear of all liens and encumbrances, but at the same time directed that all such liens should attach to the proceeds of the sale, in the order of their priority. Pursuant to that order, the property was sold.

The time for filing claims expired August 5, 1932. Prior to the date of such expiration, a number of the former employees of the corporation had filed their claims for wages, claiming preference of payment.

On October 7, 1932, the court approved the receiver's final report and ordered partial distribution of the fund on hand. In that order, the court allowed the appellants the sum of two hundred dollars for

rent during the period of occupancy of the premises by the receiver, that is, from April 15, 1932, to May 25, 1932. The court further allowed the claims of the employees as preferred claims to the extent of $964.65, but withheld payment thereof until the priority as between the appellants and the wage-claimants should be determined. On November 9, 1932, after a hearing, the court denied priority as to appellants' claim. From such order, this appeal is taken.

The amount on hand for distribution is $625.31, which manifestly is insufficient to pay either the preferred wage-claims or the landlord's lien claim in full.

Two questions are presented for disposition upon this appeal. The first question is whether appellants' lien was properly and timely filed and prosecuted. The landlord's lien statute, Rem. Rev. Stat., § 1203-1, in so far as needs to be noticed here, provides:

"Such liens for rent shall be paramount to, and have preference over, all other liens except liens for taxes, general and special liens of labor, and liens of mortgages duly recorded prior to the tenancy. Such liens shall not be for more than two months' rent due or to become due, nor for any rent or any installment thereof which has been due for more than two months at the time of the commencement of an action to foreclose such liens."

The respondent contends upon the first question that, under this section, the appellants, in order to preserve their lien, were required to commence a foreclosure action independent of the receivership proceeding, and that, in any event, the lien, so far as the March rent is concerned, was not timely filed.

■ Upon the first branch of this question we can not agree with the respondent. The property was *in custodia legis* when appellants' claim of lien was filed. The jurisdiction of the court to pass upon the validity

and priority of the lien was invoked. The court had full jurisdiction of the parties and of the subject matter. It would be a vain and useless thing to compel appellants to resort to an independent action when the court had full jurisdiction to dispose of the matter in a cause then pending before it. On the other hand, from the standpoint of both economy and expedition, it was to the interest of those concerned in the fund to be distributed that claims thereto be adjusted in the receivership proceeding. We have held that, in cases arising upon statutory assignments, claims are to be presented in the insolvency proceeding. *Quinby v. Slipper,* 7 Wash. 475, 35 Pac. 116, 38 Am. St. 899; *Seattle Cabinet Works v. Nordby Hat Shops,* 140 Wash. 140, 248 Pac. 78. The reason which supports the procedure followed in those cases supports our conclusion in this case.

On the other branch of the first question we agree with respondent so far as concerns the lien for the March rent. From our narration of the chronological events above, it appears that the March rent accrued seventy-two days before the lien for rent was filed. The lien for that month had therefore then expired. As to the April rent, it was within the statutory period, and the lien was therefore timely filed. However, the appellants had been paid two hundred dollars for rent during the occupancy by the receiver, which was from April 15, 1932, to May 25, 1932, a period of forty days. This would be at the rate of five dollars per day, or seventy-five dollars to be applied on the latter half of the April rent. A balance of three hundred and twenty-five dollars would thus be left due and owing for the rent for the month of April, for which appellants had a valid lien.

The second question presented upon the appeal is

whether the landlord's lien under the statute is prior to claims for wages.

█ Rem. Rev. Stat., § 1204, provides that, in assignments for the benefit of creditors and in proceedings in insolvency, the wages of laborers and certain other persons named in the statute, for services rendered within sixty days previously, are preferred claims and must be paid by the trustee or assignee ahead of any other creditors.

It is the respondent's contention that, under this statute, wage-claimants have priority over the statutory rent lien. We can not agree with this contention. The rent lien statute gives the landlord a specific lien on the property paramount to, and in preference over, all other liens except those for taxes, general and special *liens* for labor, and liens of mortgages duly recorded prior to tenancy. The wage-claimants had no liens whatever, but only claims, which, at most, would be preferred to the claims of general creditors with respect to the assets of the corporation. There is a clear distinction between a lien and a right of prior payment. *U. S. v. Fisher,* 6 U. S. 358, 390; *Brent v. Bank of Washington,* 35 U. S. 594. A right of prior payment does not of itself constitute a lien. *Advance Thresher Co. v. Beck,* 21 N. D. 55, 128 N. W. 315, Ann. Cas. 1913B, 517; 37 C. J. 311.

Respondent relies upon several cases in this jurisdiction arising under various lien statutes. But those cases are inapplicable here for the reason that the statutes involved therein created specific liens which, by the rent lien statute, are given preference over the landlord's lien. To give effect to respondent's contention, would result in the following anomalous situation: By statute, the landlord's lien has priority over liens of mortgages recorded subsequent to tenancy; such mortgage liens, however, being specific

liens, are ahead of claims for wages; then, if respondent's contention be correct, wage claims are ahead of the landlord's lien. Thus we would have a circle of priorities, with each priority immediately converted into a futility. The legislature, in passing the rent lien statute, expressly and definitely gave priority to labor *liens*, but not to mere preferred claims. Had it intended to include the latter, it would undoubtedly have expressly designated them.

The order appealed from is reversed, with direction to the court to enter in its place an order allowing appellants' claim as a prior claim to the extent of three hundred and twenty-five dollars.

BEALS, C. J., TOLMAN, MAIN, and BLAKE, JJ., concur.