## McLEAN v. MAYO.

### (District Court, E. D. North Carolina. December 21, 1901.)

**INJUNCTION—RESTRAINING PROSECUTION OF SUIT—DISSOLUTION.**

In a suit by a trustee in bankruptcy to restrain the prosecution of an action by a third person against a United States marshal for trespass in seizing the stock of goods under a warrant of the bankruptcy court, on the ground that it prevented a settlement of the estate, where defendant's verified answer disclaims any interest in the goods in the trustee's hands, and surrenders all claim thereto, and alleges defendant's election to rely on his remedy in the state court against the marshal individually, and not as an official, the temporary restraining order will be dissolved.

F. H. Burton and B. F. McLean, for plaintiff.

Chas. F. Warren, R. H. Battle, and W. B. Rodinson, for defendant.

PURNELL, District Judge. A. D. McLean, trustee of Hoyt & Mitchell, bankrupts, asked for an injunction to restrain the prosecution of a suit by Mayo against Dockery for trespass in seizing the stock of goods under a warrant of the bankruptcy court, alleging that it obstructs and prevents a settlement of the bankrupt estate. Mayo files a duly-verified answer to the rule to show cause, disclaiming any interest in the goods in the hands of the trustee, and surrendering any claim therein he may have, and alleging his election to rely on his remedy in the state court against Dockery individually, and not as United States marshal, and raises the question of jurisdiction of the district court to enjoin the prosecution of that suit. See Bryan v. Bernheimer, 21 Sup. Ct. 559, 560, 45 L. Ed. 814, 5 Am. Bankr. R. 629-631. The case here seems to be controlled by the decision of the United States supreme court in Lerough v. Hudson, 109 U. S. 468, 3 Sup. Ct. 309, 27 L. Ed. 1000. That case, it is true, was in the circuit court, while this is in a court of bankruptcy, which may, under certain circumstances, do what the circuit court cannot,—restrain a state court. Considering the case above cited in connection with the recent decisions of the supreme court in Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, 4 Am. Bankr. R. 163, and Wall v. Cox, 181 U. S. 244, 21 Sup. Ct. 642, 45 L. Ed. 845, 5 Am. Bankr. R. 727, I am of the opinion that the allegation in the petition that the suit of Mayo against Dockery, who, it appears, is fully indemnified, interferes with the process of the bankruptcy court, is too remote to justify this court in exercising the extraordinary power of continuing the injunction forbidding the parties to proceed, or the state court from exercising jurisdiction of the suit of Mayo against Dockery. While the bankruptcy act creates the office of trustee in bankruptcy, such trustee is a quasi officer of the court in a qualified sense. He is in reality elected by and represents the creditors of the bankrupt, under the provisions of the bankruptcy act. The bankruptcy court will protect the trustee in the discharge of his quasi official duties, but, as the representative of the creditors, his duties as such representative must be discharged, not as an officer of the court, strictly speaking, but as provided in the bankrupt act.

It is therefore considered, ordered, and adjudged that the answer of the respondent herein is sufficient, and this court has no jurisdiction in this matter; that the rule be discharged, and the restraining order dissolved.