### In re SMITH.

#### (District Court, S. D. New York. April 7, 1903.)

1. TRUSTEE IN BANKRUPTCY—ACTION AGAINST.

   A trustee in bankruptcy may be sued without first obtaining leave from the court.

In Bankruptcy.

Edward J. Krug, Jr., for petitioner.
Elmer E. Cooley, for trustee.

HOLT, District Judge. This is a motion for leave to sue a trustee. The petitioner proposes to bring an action to foreclose a mechanic's lien on property of the bankrupt, and desires to join the trustee as the owner of the equity of redemption.

In my opinion, no leave is necessary to sue a trustee in bankruptcy. The general rule is, of course, that, in the absence of statutory permission, officers of a court, like a receiver, cannot be sued without obtaining leave from the court that appointed them. This rule, however, has been changed by statute as to receivers appointed by United States courts. They can be sued without leave. Act March 3, 1887, c. 373, § 3, 24 Stat. 554 [U. S. Comp. St. 1901, p. 582], as re-enacted by Act August 13, 1888, c. 866, § 3, 25 Stat. 436 [U. S. Comp. St.

1901, p. 582]. This statute probably applies to receivers in bankruptcy. Matter of Kanter & Cohen (U. S. Circuit Court of Appeals, Second Circuit, decided Feb. 25, 1903) 121 Fed. 984. A trustee in bankruptcy is defined by the bankrupt act as an officer (section 1, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), and is, in a certain restricted sense, an officer of the court (McLean v. Mayo, 7 Am. Bankr. R. 115, 113 Fed. 106); but he is not an officer of the court in any such sense as a receiver. He takes the legal title to the property, and in respect to suits stands in the same general position as a trustee of an express trust, or an executor. Judge Lowell, in his treatise on Bankruptcy, thus states the rule:

"The assignees are, in a certain sense, officers of the court of bankruptcy. As such, they are subject to summary proceedings in respect to the execution of their trust. It has sometimes been held that their custody is that of the court as fully as is the case with receivers. But the authorities do not support this view. They are trustees appointed by and accountable to the court; but their legal title is absolute, and they may act or be proceeded against as owners of the assigned property, subject to their responsibility to the court. This was early decided, and is the law." Lowell on Bankruptcy, § 295.

The case In re Emslie, 4 Am. Bankr. R. 126, 102 Fed. 291, which is relied on by the counsel for the petitioner, simply holds that a person may be enjoined, in a proper case, by a court of bankruptcy from suing a trustee. The intimation in the opinion, that the order staying the prosecution was properly granted because the suit was brought without leave, was not the real point of the decision, and is a dictum, and the inference sought to be drawn from it is, in my opinion, inconsistent with Judge Wallace's opinion in the Matter of Kanter & Cohen (C. C. A.) 121 Fed. 984.

The motion is therefore denied.