[No. 14400.   Department Two.   April 15, 1918.]

L. D. McDERMOTT et al., Appellants, v. TOLT LAND COMPANY, Respondent, NATIONAL CITY BANK OF SEATTLE et al., Defendants.[1]

LOGS AND LOGGING—LIENS — DURATION — FORECLOSURE — LIMITATIONS. Rem. Code, §§ 1152, 1138, providing that liens on logs shall not bind the property for more than eight months and that no action to enforce the same shall be commenced thereafter, limits the duration of the lien and the time for commencing suit thereon.

BANKRUPTCY—CLAIMS—PAYMENT—STATUTES. Rem. Code, § 1153, providing for the payment of liens to a receiver or assignee applies only to proceedings in state courts, and not to a trustee in bankruptcy.

LIMITATION OF ACTIONS—TOLLING STATUTE—BANKRUPTCY PROCEEDINGS. The filing of a claim with a trustee in bankruptcy does not toll the statute of limitations relating to the foreclosure of liens, under Rem. Code, § 172, which provides for the tolling of the statute when the commencement of an action is stayed by injunction or statutory prohibition; since the bankruptcy proceedings did not prevent maintenance of the action.

[1]Reported in 172 Pac. 207.

Appeal from a judgment of the superior court for King county, Alston, J., entered April 24, 1917, upon findings in favor of the defendants, in an action to foreclose logger's liens, after a trial on the merits. Affirmed.

*H. E. Peck,* for appellants.

*J. A. Coleman,* for respondent.

MOUNT, J.—This action was brought to foreclose laborers' liens against the property of the defendants. Upon a trial of the case, the court denied the plaintiffs any relief and they have appealed from that judgment.

The facts are as follows: The Fisher-Bird Lumber Company was a corporation engaged in the manufacture of lumber. The plaintiffs were employed by that company, and while they were so employed, the name of the company was changed to the Fisher-Sorenson Lumber Company. On January 5, 1915, each of the plaintiffs filed in the office of the auditor of King county a notice of his claim of lien against the property of the company for the amount due for wages within the preceding six months, under the provisions of §§ 1149 and 1150, Rem. & Bal. Code. On February 25, 1915, the Fisher-Sorenson Lumber Company was adjudged a bankrupt. On March 30, 1915, a trustee in bankruptcy was appointed for the company. After the adjudication of bankruptcy, the plaintiffs filed with the referee their respective claims for wages due, and stated therein that said claims were secured by liens already filed. The several claims were allowed by the referee. No funds were available for the payment of the debts of the company, and on March 22, 1916, the mill and the land of the company were sold to the defendant, Tolt Land Company, and the trustee was di-

rected to execute to the latter company a conveyance of the real estate and personal property subject to all incumbrances except certain specified mortgages and vendors' liens. The liens of the plaintiffs were not excepted and their claims have not been paid. The proceeds of the sale were all used to pay the specified incumbrances and the expenses of the bankruptcy proceedings. Thereafter—more than eight months after the filing of the notices of liens—this action was commenced to foreclose the liens. The court concluded from these facts: 1st, that the action was not commenced within the time limited by the statute; and 2nd, that the plaintiffs waived their liens by filing the claims with the referee, and elected thereby to have their claims satisfied from the assets of the bankrupt estate. If the court was correct in either of these conclusions, the judgment must be affirmed.

In view of our conclusion upon the first question presented, it will be unnecessary to discuss the second.

The statute provides, at § 1152, Rem. Code, that—

"Any such lien may be enforced within the same time and in the same manner as mechanics' liens are foreclosed."

Section 1138 of the mechanics' lien law provides that—

"No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien; . . ."

In *Peterson v. Dillon*, 27 Wash. 78, 67 Pac. 397, in referring to this statute, we said:

"The mechanic's lien is altogether a creation of the statute, and is circumscribed by the terms of its own creation. It exists independent of any special contract. Where a contract is entered into by the parties,

it is not the contract which creates the lien under the statute, but it is the use of the material furnished upon the premises, the putting of it into the building and attaching it to the freehold, which entitled the party furnishing the same to a lien upon the premises to the extent of its value. . . . The statute creates and limits the duration of the lien. When the limit fixed by the statute for the duration of the lien is passed, no lien exists, any more than if it had never been created. The statute gives jurisdiction to the court to foreclose a lien on certain conditions,—the filing of a lien notice, and the commencement of the action within eight months after such notice is filed. If these things are not done, no jurisdiction exists in the court to foreclose the lien.''

In *Davis v. Bartz,* 65 Wash. 395, 118 Pac. 334, we said:

''Since the lien expires by force of the statute unless action be commenced within the statutory time, it is necessary to the pleading and proof of a valid lien that the complaint allege and evidence show that the work was done or materials furnished within that time, or the action cannot be maintained. This necessarily results from the wording of the statute, as construed by this court in a number of decisions. *Rees v. Wilson,* 50 Wash. 339, 97 Pac. 245; *Northwest Bridge Co. v. Tacoma Shipbuilding Co.,* 36 Wash. 333, 78 Pac. 996; . . .''

See, also, *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 Pac. 854.

The appellants seek to avoid this conclusion in this case because of Rem. Code, § 1153, which provides—

''Whenever a receiver or assignee is appointed for any person, company or corporation, the court shall require such receiver or assignee to pay all claims for which a lien could be filed under this chapter, before the payment of any other debts or claims, other than operating expenses.''

This statute plainly refers to a receiver or assignee in the state court, and limits the payment of claims to

assets other than operating expenses. There is nothing in the record before us to show that the funds of this company were not exhausted in operating expenses. The inference is that there was not enough property of the corporation to pay the operating expenses and prior claims.

The appellants also argue that the statute was tolled by reason of the bankruptcy proceedings, because the filing of the claims in bankruptcy was equivalent to the commencement of a suit to foreclose. Section 172, Rem. Code, provides—

"When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action."

In the case of *City Sash & Door Co. v. Bunn, supra,* we held that § 1138, requiring an action to foreclose a lien to be commenced within eight months, was not a statute of limitations. We there said: "It 'limits the duration of the lien.' " But if we were to concede that it is a statute of limitations, it is apparent that Rem. Code, § 172, above quoted, is not applicable to this case, because no injunction was issued, and there is no statutory prohibition against the maintenance of a foreclosure action after the bankruptcy proceedings have been instituted. In *In re Smith,* 121 Fed. 1014, the District Court of the United States for the Southern District of New York said—

"This is a motion for leave to sue a trustee. The petitioner proposes to bring an action to foreclose a mechanic's lien on property of the bankrupt, and desires to join the trustee as the owner of the equity of redemption.

"In my opinion, no leave is necessary to sue a trustee in bankruptcy."

And in *In re San Gabriel Sanatorium Co.,* 111 Fed. 892, the United States Circuit Court of Appeals of this district based its decision upon *Bardes v. Hawarden Bank,* 178 U. S. 524, and held that the district court was right in granting leave to the mortgagee to make the trustee in bankruptcy a party defendant to foreclosure proceedings in the state court, and that the district court was right in denying the petition of the trustee in bankruptcy for an injunction to restrain the foreclosure proceedings in the state court. It seems plain from these holdings that these appellants might have brought their action to foreclose their liens notwithstanding the bankruptcy proceeding. They elected not to do so, but permitted the time to expire within which, under the statute above quoted, their liens expired. We are satisfied for this reason that the trial court was right in holding that the action was not begun within the time limited by statute. The judgment appealed from is therefore affirmed.

ELLIS, C. J., HOLCOMB, and CHADWICK, JJ., concur.