[No. 17518.   Department Two.   February 10, 1923.]

CHARLES M. CULP et al., *Appellants*, v. D. B. MCMEHAN
et al., *Respondents*.[1]

LANDLORD AND TENANT (118-121)—LIEN FOR RENT—DURATION—
FORECLOSURE—LIMITATIONS. An action to enforce a landlord's lien
for rent must be commenced within two months from the time the
rent is due, under Rem. Comp. Stat., § 1203-1, giving a lien on
personal property of a tenant for no more than two months' rent
due or to become due, provided it has not been due for more than
two months.

SAME (118-121). The limitation of Rem. Comp. Stat., § 1203-1
upon a landlord's lien for rent, to two months from the time the
rent is due, is upon the life of the lien, rather than a statute of
limitations, and is not tolled by the appointment of a receiver.

LIMITATION OF ACTIONS (62)—TOLLING STATUTE—APPOINTMENT OF
RECEIVER. Rem. Comp. Stat., § 172, tolling the statute of limitations,
when the commencement of an action is stayed by injunction or
statutory prohibition, does not apply upon the appointment of a
receiver, where no injunction was issued.

CHATTEL MORTGAGES (54)—LANDLORD AND TENANT (120)—LEASE
—LIEN FOR RENT—FAILURE TO FILE OR RECORD—GOOD FAITH. A pro-
vision in a lease for a landlord's lien for rent is ineffective where
it was not acknowledged or filed as a chattel mortgage under Rem.
Comp. Stat., § 3780, and there was no proof of good faith, it being
incumbent on the persons claiming under an alleged chattel mort-
gage to allege and prove good faith.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered April 7, 1922, upon
sustaining a demurrer to the complaint, dismissing an
action to foreclose a lien for rent. Affirmed.

*Gates & Helsell,* for appellants.

*H. A. Martin,* for respondents.

FULLERTON, J.—Appellants, as assignees of Charles
J. E. Blanc and wife, brought this action to foreclose a
landlord's lien on certain personal property formerly

[1]Reported in 212 Pac. 1069.

a part of the assets of the Chamber of Hygienics, tenants of the Blancs. The property was bought in by respondents upon a foreclosure of a chattel mortgage after the Chamber of Hygienics had gone into the hands of a receiver. From a judgment of dismissal upon the sustaining of a demurrer to the complaint, this appeal is taken.

The first question to be considered involves the meaning of § 1203-1 of Rem. Comp. Stat., which, in so far as it is material to the question involved, provides:

"Any person to whom rent may be due, . . . shall have a lien for such rent which is paramount to, and has preference over, all other liens. . . . Such liens shall not be for more than two months' rent due or to become due, nor for any rent or any installment thereof which has been due for more than two months."

The action was brought on December 14, 1921, to foreclose the lien for rent due for the prior months of August and September, which rent, under the terms of the lease, was payable in advance, thus becoming due on the first day of each such month.

The appellants argue that the provisions of the statute quoted should not be construed as limiting the time within which an action to enforce a landlord's lien must be brought, but should be construed as restricting the right of lien to cover a two months' period. We cannot accept this view. The statute could possibly be held to bear that meaning were it not for its last provision, namely: the provision reading "nor for any rent or any installment thereof which has been due for more than two months." This provision is clear and explicit and, in our opinion, leaves no room for doubt as to the meaning of the statute; it means that the lien is not enforceable unless the action therefor is brought within two months of the time the rent which it is sought to recover becomes due.

It is next contended by the appellants that the running of this limitation is tolled by the appointment of a receiver for the tenant, the receiver in this case having been appointed on September 30, 1921. In support of this contention we are cited 25 Cyc. 1281, wherein it is said:

"After the property of an insolvent debtor has been assigned under the insolvent laws, and thus sequestered and placed in the custody of the law in trust for his creditors, the statute of limitations does not run against their claims upon his estate in the hands of his assignee."

This statement of law and the cases cited relate to proceedings similar to our statutory assignment for the benefit of creditors and are not applicable here.

At 25 Cyc. 1282, we find the rule laid down:

"As a general rule the mere appointment of a receiver does not in any way affect the running of the statute of limitations."

However, it is not necessary for a solution of this question to go outside of our own decisions. We have held that such a limitation in a lien statute was not a statute of limitation, but a limitation upon the life or duration of the lien. *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 Pac. 854, Ann. Cas. 1918B 31; *Peterson v. Dillon,* 27 Wash. 78, 67 Pac. 397. In the latter case it is said:

"When the limit fixed by the statute for the duration of the lien is passed, no lien exists, any more than if it had never been created."

In *McDermott v. Tolt Land Co.,* 101 Wash. 114, 172 Pac. 207, the contention was made that the commencement of bankruptcy proceedings tolled the running of the time within which an action to foreclose a logger's lien must be commenced. Attention of the court was called to § 172, Rem. Comp. Stat., which reads:

"When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action."

Discussing this point, the court said:

"In the case of *City Sash & Door Co. v. Bunn, supra,* we held that § 1138, requiring an action to foreclose a lien to be commenced within eight months, was not a statute of limitations. We there said: 'It "limits the duration of the lien." ' But if we were to concede that it is a statute of limitations, it is apparent that Rem. Code, § 172, above quoted, is not applicable to this case, because no injunction was issued, and there is no statutory prohibition against the maintenance of a foreclosure action after the bankruptcy proceedings have been instituted."

The situation is the same here, hence the attempt to foreclose the statutory lien must fail, as the lien had expired prior to the commencement of this action.

The third and final contention of appellants is that, under the terms of the lease itself, they were given a lien on the property of the lessee placed in the leased premises. It is undisputed that the lease was neither acknowledged nor filed as a chattel mortgage and that, under § 3780, Rem. Comp. Stat., it would be void as to all subsequent encumbrancers for value in good faith. Conceding this, appellants insist that it is incumbent upon respondents to allege and prove their good faith before the lease may be considered invalid as to them. In support of that position they cite *Thomas v. Grote-Rankin Co.,* 75 Wash. 280, 134 Pac. 919. That case held such a lease as involved here constituted a valid chattel mortgage as between the parties, but it is not otherwise in point, as the question there was whether the subsequent purchaser was a purchaser for value. The cor-

rect rule is that it is incumbent upon the persons claiming under an alleged chattel mortgage to allege and prove good faith.

In *Manhattan Trust Co. v. Seattle Coal & Iron Co.*, 16 Wash. 499, 48 Pac. 333, 737, in passing on this question, it is said:

"There is no evidence whatever that the petitioners had any notice of the existence of any chattel mortgage in favor of the plaintiff. Counsel for plaintiff and receiver argued that, as petitioners, as creditors, have not negatived notice or knowledge on their part, it should be inferred against them; but this would be a novel rule and one that we have never seen applied. Such allegation and proof of notice should come from the one claiming the personal property under the alleged mortgage."

This is followed and approved in *Clark v. Kilian*, 116 Wash. 532, 199 Pac. 721.

We find no error in the record, hence the judgment of the court below is affirmed.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.