### In re McNEICE et al.

### BARNETT v. SPROAL.

(Circuit Court of Appeals, Ninth Circuit. March 12, 1923.)

No. 3936.

1. Bankruptcy ☞345—Claim for rent accruing prior to filing of involuntary petition held not preferred, where lien lost by failure to file claim within two months.

　Lien for rent accruing prior to filing of involuntary petition against lessee was lost, where claim therefor was not filed within two months of the time when the rent sought to be enforced became due, under Rem. Comp. Stat. § 1203—1, and hence claim for such rent did not constitute a preferred claim.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Bankruptcy ⊛⟫255—Claim for reasonable rental value of premises occupied by bankrupt lessor properly allowed during time of trustee's occupation.**

 Where lessor became bankrupt, *held*, that the court properly allowed the lessee a reasonable rental for the premises during the time they were occupied by the trustee.

Appeal from the District Court of the United States for the Southern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

In the matter of J. H. McNeice and another, individually and as copartners doing business under the name and style of McNeice Furniture Company, bankrupts. From allowance of claim of O. A. Sproal, Dolph Barnett, as trustee of the bankrupts, appeals. Modified and affirmed.

Nelson R. Anderson, of Seattle, Wash., and Roberts & Roberts, of Yakima, Wash., for appellant.

Grady, Shumate & Velikanje, of Yakima, Wash., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The appellee owned a certain building in Yakima, state of Washington, certain storerooms in which he leased, in writing, to the copartners constituting the McNeice Furniture Company, at the monthly rental of $375. During the running of the lease the copartners became bankrupt; an involuntary petition for such adjudication having been filed July 21, 1921, the adjudication being entered August 13, 1921, and the appellant trustee having been elected such September 20, 1921. The stipulated rent was not paid for the preceding month of June, nor for any time thereafter. The referee allowed the claim filed by the appellee at the contract rate of $375 from June 1, 1921, to the date of the adjudication, and fixed as a reasonable rental from that time until the surrender of the leased premises to the landlord on the 5th day of October, 1921, $300 a month; the trustee objecting to any allowance to the landlord for rent under the terms of the lease after the filing of the involuntary petition, and also to the allowance of any rental after that date as a part of the expenses of administration. On a review of the decision of the referee, the court below held that the claimant's right to rent under the lease terminated upon the filing of the involuntary petition in bankruptcy, after which, and up to the time of the surrender of the leased premises, the claimant was entitled to $300 a month as a reasonable rental therefor.

[1, 2] The appellant contends that the rent due did not constitute a preferred claim, and cites the recent decision (February 10, 1923) of Department 2 of the Supreme Court of the state of Washington, in the case of Culp v. McMehan, 212 Pac. 1069. In that case, which was brought to foreclose a landlord's lien on certain personal property, that court held that the lien given by section 1203—1 of Remington's Compiled Statutes of the state of Washington was not enforceable, unless the action brought for its enforcement was brought within two months of the time the rent which it was sought to en-

force became due. The pertinent provision of the statute quoted by the court is as follows:

"Any person to whom rent may be due * * * shall have a lien for such rent which is paramount to, and has preference over, all other liens. * * * Such liens shall not be for more than two months' rent due or to become due, nor for any rent or any installment thereof which has been due for more than two months."

In the present case it does not appear that any suit was brought in any court for a foreclosure of the lien given by the statute quoted, but that the appellee filed his claim against the bankrupt's estate, and did so claiming as follows:

| | |
|---|---:|
| June rental | $ 375.00 |
| July rental | 375.00 |
| August rental | 375.00 |
| September rental | 375.00 |
| Total | $1,500.00 |

As the involuntary petition for an adjudication of the bankruptcy of the lessees was filed July 21 of the same year (1921), it is therefore apparent that more than two months had elapsed before the appellee's claim for any rent was filed in the court of bankruptcy, from which it necessarily follows, we think, from the construction placed upon the Washington statute in the case already cited and in the preceding decisions of the Supreme Court of the state upon similar statutes in the cases of City Sash & Door Co. v. Bunn, 90 Wash. 669, 156 Pac. 854, Ann. Cas. 1918B, 31, and McDermott v. Tolt Land Co., 101 Wash. 114, 172 Pac. 207, that the lien of the appellee in the present case for the rent of the premises in question had ceased to exist before the claim therefor was filed.

In the case of City Sash & Door Co. v. Bunn the court held that section 1138, Rem. & Bal. Code, providing that no mechanic's lien shall be binding for a longer period than eight months after filing, unless an action be commenced within that time to foreclose the lien, is not a statute of limitations, but fixes the duration of the lien. And in the subsequent case of McDermott v. Tolt Land Co., which involved a statute of the state providing that liens on logs shall not bind the property for more than eight months, and that no action to enforce the same shall be commenced thereafter, the court referred, with approval, to its previous decision in the case of City Sash & Door Co. v. Bunn, and to the statutory provision there involved, in these words: "It limits the duration of the lien."

We must therefore hold that the appellee had lost its lien for rent before filing its claim therefor, and in that respect the judgment appealed from must be modified. We agree, however, that the court rightly allowed the owner of the property a reasonable rental therefor during the time the premises were occupied by the trustee, and see nothing in the case that would justify any interference with the amount of the attorney's fee fixed by the court.

The cause is remanded to the court below, with directions to modify the judgment in accordance with the views above expressed; and, as so modified, it will stand affirmed.