**In re JONES et al.**

(District Court, W. D. Washington, N. D. September 9, 1924.)

No. 7288.

1. **Bankruptcy ⟋191(1)—Lien for rent owing by bankrupt not asserted by action within time prescribed by state statute, denied.**

Lien for rent due more than two months prior to adjudication in bankruptcy of tenant or assertion of such lien by action of any kind was not, in view of Rem. Comp. Stat. Wash, § 1203—1, enforceable in bankruptcy proceedings.

2. **Courts ⟋366(18)—State's highest court's construction of state statute held conclusive in bankruptcy proceedings.**

Construction of state statute by state's highest court as to existence of landlord's lien *held* conclusive in bankruptcy proceedings.

In Bankruptcy. In the matter of Jesse Jones and Pete Moe, partners doing business as The Gym, and Jesse Jones and Pete Moe, as individuals, bankrupts. Claim of Frank Dorn was denied, and he petitions for review. Referee's decision affirmed.

One Frank Dorn filed a claim against the bankrupt estate in the sum of $250 for rent for the months of April and May, $125 being due respectively on the 1st day of each month. Laborers employed by the bankrupt also filed claims for labor. On the 22d of August, after full hearing, the referee denied a lien for the unpaid rent and allowed the labor claims as preferred. No objection was made by the parties at the time. Thereafter, on the 26th of August, the allowance was duly certified to the court and approved. On the 30th of August following, claimant, feeling aggrieved, filed a petition for review claiming priority.

Benjamin W. Sherwood, of Everett, Wash., for Frank Dorn.

Joseph H. Smith, of Everett, Wash., for bankrupts.

Le Cocq & Swanson and L. A. Merrick, all of Everett, Wash., for petitioning creditors and for trustee.

E. L. Bennett, of Toppenish, Wash., for labor claimant William Hufford and others.

G. M. LeCocq, of Everett, Wash., for John H. Stohr, labor claimant.

NETERER, District Judge. [1, 2] The rent was due more than 60 days prior to the adjudication in bankruptcy or assertion of claim by action of any kind. If the landlord has a lien it is by virtue of the statutes of Washington. Rem. Comp. Stat. § 1203—1, provides that a landlord shall have a lien subject to taxes and special liens, or mortgages, conditional sales, etc.,—"such liens shall not be for more than two months' rent due or to become due, nor for any rent or installment thereof which has been due for more than two months." The Supreme Court of Washington, in Culp et al. v. McMehan et al., 123 Wash. 499, 212 Pac. 1069, said that action to enforce a landlord's lien must be commenced within two months from the time the rent is due and the life of the lien depends upon such enforcement, and further holds that the appointment of a receiver does not toll the limitation thus fixed,

no injunction having been issued. In re Rauch (D. C.) 226 Fed. 982, has no application. The law of this state and the decision of the highest court are conclusive.

The decision of the referee is affirmed.