
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 JAN 22 AM 9: 37

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| MICHELLE MERCERI, | ) | No. 75665-6-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) | |
| DEUTSCHE BANK AG a/k/a DEUTSCHE BANK doing business in the United States as DEUTSCHE BANK USA, and as DEUTSCHE BANK NATIONAL TRUST COMPANY, a national banking association, as trustee for holders of the BCAP LLC Trust 2007-AA2; and NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation, | ) ) ) ) ) ) ) ) ) | PUBLISHED OPINION |
| Appellants. | ) ) | FILED: January 22, 2018 |

SPEARMAN, J. — Under RCW 4.16.230, the statute of limitations is tolled when the commencement of an action is stayed by a statutory prohibition. Under the federal bankruptcy code, actions to foreclose on a debtor's property are stayed while the property at issue is part of the bankruptcy estate. We are asked to determine whether the bankruptcy stay is a statutory prohibition that tolls the statute of limitations. We conclude that it is.

Michelle Merceri defaulted on a home loan in 2008. Deutsche Bank and its predecessor in interest (Deutsche) initiated foreclosure proceedings on several

occasions between 2008 and 2015 but did not complete a foreclosure sale. For over two years during this period a bankruptcy stay was in place.

In 2015, Merceri asserted a variety of claims against Deutsche and alleged that Deutsche's interest in her home was unenforceable. In 2016, Merceri sought partial summary judgment on the theory that Deutsche's foreclosure claim was time barred. She asserted that a six year statute of limitations began to run on Deutsche's claim in 2008 and the statute expired in 2014. Deutsche moved to amend its answer to assert a counterclaim for judicial foreclosure. The trial court ruled that Deutsche's interest was time barred and granted Merceri's motion for partial summary judgment. But because the statute of limitations was tolled during the bankruptcy stay, we reverse.

## FACTS

Merceri took out a $2.8 million home loan in 2006 and defaulted in 2008. In August 2008, Deutsche sent Merceri a notice of default. A notice of trustee's sale was recorded in 2009 but the sale did not occur. Another notice of trustee's sale was recorded in June 2010. In November 2010, Merceri petitioned for chapter 7 bankruptcy. Her home remained part of the bankruptcy estate until December 4, 2012.

Deutsche initiated nonjudicial foreclosure proceedings in 2014. These proceedings were discontinued when Merceri sought foreclosure mediation. Deutsche and Merceri participated in mediation but were unable to reach an agreement. In September 2015, Deutsche again recorded a notice of trustee's sale.

In December 2015, Merceri filed the complaint in this action. She alleged that Deutsche failed to follow a number of statutory procedures and engaged in other wrongdoing, including manipulation of the LIBOR (London Interbank Offered Rate). Merceri sought damages and a declaration that Deutsche's interest in her property was unenforceable. The foreclosure sale was continued.

In May 2016, Merceri moved for partial summary judgment, arguing that Deutsche's claim on her home was time barred. Merceri asserted that the home loan had been accelerated in 2008, a six year statute of limitations began to run at that time, and the limitation period expired in 2014.

In response, Deutsche moved to amend its answer to add a counterclaim for judicial foreclosure. Deutsche disputed that the loan was accelerated in 2008. But even if it was, Deutsche contended that its claim was not time barred because the statute of limitations was tolled during the bankruptcy stay, during foreclosure mediation, and while nonjudicial foreclosure proceedings were pending.

The trial court granted Merceri's motion for partial summary judgment. The court denied Deutsche's motion to amend and Deutsche's motion for reconsideration. The court granted Deutsche's motion to certify the question of whether the statute of limitations is tolled during a bankruptcy stay. This court granted discretionary review.

## DISCUSSION

The trial court certified for review the question:

Even though 11 U.S.C. § 108(c)(1) does not, itself, toll a state statute of limitations, is RCW 4.16.230 a state statute incorporated

3

into section 108(c)(1) to toll the statute of limitations during a bankruptcy stay? Cf. Hazel v. Van Beek, 135 Wn.2d 45, 64-66, 954 P.2d 1301 (1998).

Clerk's Papers (CP) at 733. Certified questions are questions of law that we review de novo. Allen v. Dameron, 187 Wn.2d 692, 701, 389 P.3d 487 (2017). Where the question certified pertains to a motion for summary judgment, we perform the same inquiry as the trial court, considering the legal question in light of the record that was before the court.[1] Id.

The certified question in this case involves interpretation of the tolling provision in RCW 4.16.230 and its relation to the bankruptcy code. Our goal when interpreting statutes is to effect the intent of the legislature. Rivas v. Overlake Hosp. Medical Center, 164 Wn.2d 261, 266-67, 189 P.3d 753 (2008) (citing Wright v. Jeckle, 158 Wn.2d 375, 379, 144 P.3d 301 (2006)). We discern legislative intent from the plain meaning of the text and the statutory scheme as a whole. Id. We must "consider that tolling provisions, by nature, exist to assure all persons subject to a particular statute of limitations enjoy the full benefit of the limitation period." Id.

For purposes of this appeal, the parties assume that Merceri's promissory note was accelerated on August 17, 2008 and the six year statute of limitations

---

[1] We deny Merceri's motion to strike Deutsche's reply brief. Merceri objects to Deutsche's discussion of its motion for reconsideration and associated pleadings as beyond the scope of review. But the question the trial court certified for review is based on its order denying Deutsche's motion for reconsideration. Deutsche identified the denial of its motion for reconsideration in its notice of appeal. The motion for reconsideration is not beyond the scope of review. We also reject Merceri's assertion that Deutsche's reply brief exceeds the scope of its opening brief.

began to run at that time.[2] The parties do not dispute that the bankruptcy stay was in place for over two years, from November 17, 2010, when Merceri petitioned for bankruptcy, until December 4, 2012. Merceri does not dispute that the bankruptcy stay suspended Deutsche's ability to foreclose.

The bankruptcy stay is a provision of the Bankruptcy Reform Act of 1978, Title 11 of the U.S.C. Upon filing a petition for bankruptcy, a petitioner's property interests become property of the bankruptcy estate. 11 U.S.C. § 541(a). An automatic stay is imposed on proceedings to obtain possession or exercise control of property in the bankruptcy estate. 11 U.S.C. § 362(a)(3). The stay applies to "'all acts by creditors to enforce their liens against the debtor's property.'" Seattle-First National Bank v. Westwood Lumber, Inc., 59 Wn. App. 344, 352, 796 P.2d 790 (1990) (quoting In re Ahlers, 794 F.2d 388 (8th Cir. 1986)). The stay serves two purposes: "'first, to give the debtor a "breathing spell" from his creditors; and second, to prevent one creditor from rushing to enforce its lien to the detriment of the other creditors.'" Id. The automatic stay remains in force until the property at issue "is no longer property of the estate." 11 U.S.C. § 362(c)(1).

Because creditors may not assert claims on property of the bankruptcy estate during the stay, the bankruptcy code provides a thirty-day window following the end of the stay in which a creditor may bring a claim that would otherwise be time barred:

---

[2] Deutsche disputes that the note was accelerated but does not address the issue as it was not certified for review.

> If applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ...and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> ...
>
> (2) 30 days after notice of the termination or expiration of the stay . . . .

11 U.S.C. § 108(c).

A majority of jurisdictions, including Washington, have held that Section 108(c) "does not itself provide for tolling of a statute of limitation." Hazel, 135 Wn.2d at 65 (citing Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1073-74 (2d Cir. 1993)). "[S]ection 108 merely 'tolls' a statute of limitation by allowing the creditor 30 days to act after the bankruptcy stay is lifted in those cases where the limitation period expires during the bankruptcy stay." Id. Under the majority view, other than the 30 day window provided by 108(c), statutes of limitations and provisions for tolling those statutes are governed by nonbankruptcy law. See, e.g., 26 U.S.C. § 6502(a) (ten year statute of limitations on collecting federal tax) and 26 U.S.C. § 6503(h) (tolling that statute during a bankruptcy stay). The bankruptcy code "assur[es] the plaintiffs 30 days ...; if states want to give plaintiffs additional time, that is their business." Pettibone Corp. v. Easley, 935 F.2d 120, 121 (7th Cir. 1991).

In this case, the six year statute of limitations that applies to Deutsche's claim is set out in RCW 4.16.040. Chapter 4.16 RCW also contains a tolling provision. Under RCW 4.16.230, the statute of limitations is tolled "[w]hen the commencement of an action is stayed by injunction or a statutory prohibition ...."

RCW 4.16.230. Deutsche and Merceri dispute whether the bankruptcy stay is "a statutory prohibition" within the meaning of RCW 4.16.230.[3]

Deutsche contends the bankruptcy stay is a statutory prohibition for several reasons. First, relying on bankruptcy case law, it points out that "the filing of a bankruptcy petition operates as a stay of any act to enforce a lien against property in the custody of the bankruptcy court. The automatic stay prohibits the initiation of any steps ... that would lead to foreclosure of property of the debtor's estate." In re Capital Mortg. & Loan, Inc., 35 B.R. 967, 971 (Bkrtcy E.D. Cal. 1983). Thus, according to Deutsche, because the automatic stay prohibited it from continuing with, or recommencing, its foreclosure for over two years, the statute falls within RCW 4.16.230's meaning of a statutory prohibition.

Second, Deutsche relies on Seamans v. Walgren, 82 Wn.2d 771, 514 P.2d 166 (1973). In that case, our Supreme Court considered whether tolling applied where, based on a prohibition in the Washington Constitution, a legislator was immune from service of process while the legislature was in session. Seamans, 82 Wn.2d at 775. Because the prohibition was constitutional, not statutory, RCW 4.16.230 did not directly apply. Id. Nevertheless, the Seamans court relied on the statute as reflecting the policy of "'adding to the time stated in the statute [of limitations], the period of disability.'" Id. See Broad v. Mannesmann Anlagenbau, A.G., 141 Wn.2d 670, 682, 10 P.3d 371 (2000) (noting that, in Seamans, RCW 4.16.230 did not directly control but illustrated the principle of

---

[3] Merceri also asserts that the bankruptcy stay is not an "injunction" because it is not within the legal meaning of that word set out in chapter 7.40 RCW and CR 65. Resp. Br. at 18. Deutsche does not address this issue. But in light of our disposition of this case, we do not reach the issue.

tolling). The <u>Seamans</u> court described the constitutional prohibition as a "positive rule of law" that prevented the plaintiff from exercising his legal remedy and held that the statute of limitations was tolled while the prohibition was in effect. <u>Seamans</u>, 82 Wn.2d at 775. Deutsche argues that the bankruptcy stay is likewise a "positive rule of law" that prevented Deutsche from exercising its legal remedy.

Deutsche also relies on out of state case law. Deutsche asserts that, where jurisdictions with a tolling statute identical or similar to RCW 4.16.230 have considered the issue, they have uniformly held that the bankruptcy stay is a statutory prohibition that tolls the statute of limitations. A New York court, for example, considered the bankruptcy stay in light of a statute that provided for tolling "'[w]here the commencement of an action has been stayed ... by a statutory prohibition. . . . '" <u>Zuckerman v. 234-6 W. 22 Street Corp.</u>, 645 N.Y.S.2d 967, 969 (Sup. Ct. 1996) (quoting Civil Practice Law and Rules (CPLR) § 204(a)). Based on the plain language of the tolling statute, the <u>Zuckerman</u> court concluded that it applied to toll the statute of limitations during the bankruptcy stay. <u>Id.</u> at 970-71.

Merceri contends the bankruptcy stay is not a statutory prohibition because it does not completely prohibit a creditor from exercising its rights. She asserts that the common meaning of "'prohibition'" is "'forbidding by authority.'" Resp. Br. at 18 (quoting Merriam-Webster.com). Merceri argues that the bankruptcy stay does not forbid action because a creditor may move for relief from the stay. She relies on a provision in the bankruptcy code, 11 U.S.C. § 362(d), under which a creditor may request relief from the stay. <u>Id.</u> Because of

8

the relief from stay provision, Merceri contends the bankruptcy stay is only a temporary obstacle that a creditor may surmount.

We agree with Deutsche. The tolling statute at issue in this case, RCW 4.16.230, applies "[w]hen the commencement of an action is stayed by ... a statutory prohibition. . . ." The bankruptcy code stays all acts to exercise control over property of the bankruptcy estate. 11 U.S.C. § 362(a)(3). The bankruptcy stay thus prohibits or forbids the commencement of a foreclosure action. The relief from stay provision emphasizes this meaning. If a creditor must move for relief in order to bring an action, the creditor is otherwise prohibited from bringing the action. And, contrary to Merceri's position that a statutory prohibition must be permanent and complete, the tolling statute expressly applies when an action is "stayed." Under the plain language of RCW 4.16.230, the statute of limitations is tolled during the bankruptcy stay.

Merceri raises several theories to argue against this result. First, she contends Washington courts have already determined that the bankruptcy stay does not toll the statute of limitations. The cases she relies on are distinguishable.

Merceri first relies on Hazel. But the case is inapposite because the issue there was whether the lifespan of a judgment lien was tolled during the bankruptcy stay. Hazel, 135 Wn.2d at 49. The Hazel court concluded that it was not. Id. at 64. The court held that the judicial lien statute, chapter 4.56 RCW, creates a statutory lien with a definite length and makes no provision for tolling. Id. The issue in this case, on the other hand, concerns a statute of limitations

under chapter 4.16 RCW. That same chapter contains a specific provision, RCW 4.16.230, that provides for tolling of the statute in certain circumstances. Thus, our concern is not whether tolling is applicable, it clearly is, but whether it is permitted in the circumstances present here. Hazel is not controlling on this question.

Merceri next relies on McDermott v. Tolt Land Co., 101 Wash. 114, 172 P. 207 (1918). That case also considered whether bankruptcy tolled the lifespan of a lien. McDermott, 101 Wash. at 118. The appellants relied on a statute identical to current RCW 4.16.230 to argue that the lifespan of their lien was tolled during a bankruptcy stay. Id. The court rejected the argument because the duration of the lien was not a statute of limitations. Id. But even if it were, the McDermott court held that, under the bankruptcy code of the time, a creditor could bring a foreclosure action during bankruptcy by suing the bankruptcy trustee. Id. at 118-19. Bankruptcy thus was not a statutory prohibition against foreclosure. Id.

Merceri asserts that the bankruptcy code in effect in 1918 included essentially the same stay that is currently in effect. She contends the holding in McDermott rests on the relief from stay provision, under which the lien holders could have sought leave to foreclose. Merceri is incorrect. The holding in McDermott does not rest on the relief from stay provision but instead on the view of the McDermott court that under the 1918 bankruptcy code, "'no leave is

necessary to sue a trustee in bankruptcy'." McDermott, 101 Wash. at 118.[4] Here, on the other hand, there is no dispute that, under the current bankruptcy code, absent permission from the court, a creditor may not foreclose while the foreclosure stay is in place. We reject Merceri's argument that McDermott governs in this case.

Merceri next argues that a bankruptcy stay is not a statutory prohibition because had Deutsche moved the bankruptcy court for relief from the stay, it necessarily would have been granted. She relies on 11 U.S.C. § 362(d), which directs the bankruptcy court to grant relief under certain conditions:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ..., such as by terminating, annulling, modifying, or conditioning such stay—
> ...
>
> (2) with respect to a stay of an act against property..., if—
>
> > (A) the debtor does not have an equity in such property; and
> > (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d). Merceri argues that she had no equity in the home and the property was not necessary for an effective reorganization because in a Chapter 7 bankruptcy there is no reorganization. Thus, she argues that by failing to move for relief, Deutsche slept on its rights and is not entitled to tolling.

---

[4] The McDermott court surveyed federal cases addressing whether a creditor could foreclose during bankruptcy. McDermott, 101 Wash. at 118-19. The court quoted In re Smith, 121 Fed. 1014 (S.D. N.Y. 1903), for the proposition that "'no leave is necessary to sue a trustee in bankruptcy.'" McDermott, 101 Wash. at 118. The court also cited In re San Gabriel Sanatorium Co., 111 Fed. 892 (9th Cir. 1901), in which the court upheld a plaintiff's right to make the trustee in bankruptcy a party to foreclosure proceedings. McDermott, 101 Wash. at 119 The McDermott court held that "[i]t seems plain from these holdings that these appellants might have brought their action to foreclose their liens notwithstanding the bankruptcy proceeding." Id.

The argument is meritless because, as we have discussed, the fact that Deutsche could have sought relief from the stay has no bearing on whether the stay is a statutory prohibition. But even if it did, Merceri cites no authority for the proposition that statutory tolling requires a showing that the plaintiff exercised due diligence.[5] RCW 4.16.230 includes no such requirement and we are not at liberty to "'add words where the legislature has chosen not to include them, . . .'" Lake v. Woodcreek Homeowners Ass'n., 169 Wn.2d 516, 527, 243 P.3d 1283 (2010), (quoting Rest. Dev., Inc., v. Cananwill, Inc., 150 Wn.2d 674, 682, 80 P.3d 598 (2003)). We reject the argument that statutory tolling under RCW 4.16.230 does not apply to the bankruptcy stay because a creditor may move for relief from the stay.

The bankruptcy stay is "a statutory prohibition" within the meaning of RCW 4.16.230. The six year statute of limitations on Deutsche's claim was tolled for over two years while the bankruptcy stay was in place. Deutsche's counterclaim

---

[5] The authority Merceri does cite is inapposite. She relies on a number of cases addressing when a cause of action accrues. Del Guzzi Const. Co., Inc., v. Global Northwest, Ltd., Inc., 105 Wn.2d 878, 719 P.2d 120 (1986); Jones v. Jacobson, 45 Wn.2d 265, 271, 273 P.2d 979 (1954); Douglas County v. Grant County, 98 Wash. 355, 358-59 167 P. 928 (1917); Bennett v. Thorne, 36 Wash 253, 264, 269, 78 P. 936 (1904); Spokane County v. Prescott, 19 Wash. 418, 424-25, 53 P. 661 (1898). For purposes of this appeal, the accrual of Deutsche's cause of action is not in dispute.

Merceri also cites three cases in which the court declined to extend the statute of limitations when a plaintiff had a choice of remedies and timely pursued one choice. Winston v. Richard W. Wines, Inc., 56 Wn.2d 192, 351 P.2d 929 (1960); Marshall-Wells Hardware Co. v. Title Guaranty & Sur. Co., 89 Wash. 404, 154 P. 801 (1916); Hinchman v. Anderson, 32 Wash. 198, 72 P. 1018 (1903). Two of the cited cases address statutory tolling. The Marshall-Wells Hardware court rejected an argument for statutory tolling where an injunction was threatened but not entered. Marshall-Wells Hardware, 89 Wash. at 409. In Hinchman, the court held that there was no statutory prohibition, and statutory tolling thus did not apply, where a statute prohibited a creditor from pursuing multiple actions on the same debt but did not prohibit the creditor from commencing an action or joining all debtors in the same action. Hinchman, 32 Wash. at 206. The cases do not support Merceri's contention that statutory tolling applies only where the plaintiff exercises diligence.

for judicial foreclosure was timely when asserted on June 16, 2016.[6] The trial court erred in granting Merceri's motion for partial summary judgment and denying Deutsche's motion to amend to assert its counterclaim.[7]

Deutsche requests attorney fees on appeal. Attorney fees may be awarded where allowed by statute or contract. Aiken v. Aiken, 187 Wn.2d 491, 506, 387 P.3d 680 (2017) (citing Malted Mousse, Inc., v. Steinmetz, 150 Wn.2d 518, 535, 79 P.3d 1154 (2003)). In this case, the deed provides that the lender is entitled to recover reasonable attorney fees in any action to enforce the deed. We grant Deutsche's request for fees.[8]

Reversed.

WE CONCUR:

Spearman, J.

Trickey, A.C.J.

Becker, J.

---

[6] Deutsche also asserts that its counterclaim relates back to Merceri's complaint in this action. See J.R. Simplot Co. v. Vogt, 93 Wn.2d 122, 605 P.2d 1267 (1980). Because we accepted review only on the question of tolling during the bankruptcy stay, we do not reach this issue.

[7] Because of our resolution on this issue, we do not reach Deutsche's further arguments concerning tolling while nonjudicial foreclosure proceedings are pending and while complying with state and federal foreclosure prevention provisions.

[8] Merceri requests fees as the prevailing party. Because she does not prevail, we deny the request.