AUDITOR GENERAL *v.* WAYNE CIRCUIT JUDGE.

GARNISHMENT — CONSTITUTIONAL LAW — MEMBER OF LEGISLATURE
     EXEMPT DURING SESSION.
       Notwithstanding 3 Comp. Laws 1915, § 13167, as amended
       by Act No. 233, Pub. Acts 1919, authorizes garnishment
       proceedings against the State after obtaining a judgment
       against the principal defendant, a member of the legis-
       lature then in session is exempt therefrom under article
       5, § 8, of the Constitution.[1]

Mandamus by Oramel B. Fuller, auditor general, to
compel Joseph Barton, acting circuit judge of Wayne
county, to vacate an order denying a motion to dismiss
a writ of garnishment.     Submitted March 30, 1926.
(Calendar No. 32,027.)     Writ granted April 30, 1926.

*Andrew B. Dougherty,* Attorney General, and *James
A. Greene,* Assistant Attorney General, for plaintiff.

*G. Leslie Field,* for defendant.

BIRD, C. J.     The Honorable Charles H. Culver is a
member of the present legislature.     During the reg-
ular 1925 session of the legislature the State was
garnished on an existing judgment against Mr. Culver.
The auditor general, in response to said writ, disclosed
that there was due Mr. Culver, as salary, the sum of
$50.     Subsequently, and during said session, a second
garnishee process was served on the State, and it was
agreed between counsel that the result in that case
should abide the result in this one.     The State entered
a motion to dismiss said writ, principally on the ground
that Mr. Culver was a member of the legislature then
in session at the time the writ was served and was,

---

[1] Garnishment, 28 C. J. § 80 (Anno); Process, 32 Cyc. p. 491.

therefore, exempt from such service.    The constitutional provision invoked is as follows:

"Senators and representatives shall in all cases, except for treason, felony or breach of the peace, be privileged from arrest during sessions of the legislature and for fifteen days next before the commencement and after the termination thereof.    They shall not be subject to any civil process during the same period.    They shall not be questioned in any other place for any speech in either house."    Michigan Constitution, art. 5, § 8.

In 1919 the legislature appears to have authorized garnishee proceedings against the State by the following provision:

"All corporations of whatsoever nature, the State of Michigan, and every county therein, may be served and proceeded against as garnishees in the same manner and with like effect as individuals under the provisions of this chapter and the rules of law relative to proceedings against corporations: *Provided*, That when a municipal corporation, the State of Michigan, or any county therein, is proceeded against as provided for in this chapter, judgment shall have been obtained in a court of competent jurisdiction by the plaintiff against the principal defendant before garnishment proceedings shall be commenced against such municipal corporation, the State of Michigan or any county therein."    *    *    *    Act No. 233, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 13167), amending section 13167, 3 Comp. Laws 1915.

The legislature, by this act, undoubtedly authorizes garnishee proceedings against the State in certain cases, but subject to the foregoing constitutional provision. When the constitutional provision and the legislative act are read together there is little difficulty in construing the law.

But it is said that Mr. Culver does not come within the constitutional exception because judgment had theretofore been obtained and the garnishee process was served upon the State.    This is a too narrow view

of the situation. The idea back of the constitutional provision was to protect the legislators from the trouble, worry and inconvenience of court proceedings during the session, and for a certain time before and after, so that the State could have their undivided time and attention in public affairs. Mr. Culver, as principal defendant, had the right to make a defense to the garnishee proceeding. In the present case the garnishee proceeding succeeded in doing just what the constitutional provision was created to avoid. It harassed the legislator, drove him to make a defense in the garnishee proceeding, and deprived him of the means of subsistence pending the balance of the session. We think the case clearly comes within the constitutional inhibition.

The motion to dismiss should have been granted. The writ prayed for will issue, if necessary.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.