[No. 42716. En Banc. September 13, 1973.]

RICHARD O. SEAMANS, *Respondent,* v. GORDON L. WALGREN *et al., Petitioners.*

*E. H. Knapp, Jr.* (of *McMullen, Brooke, Knapp & Grenier*), for petitioners.

*Reed, McClure, Moceri & Thonn, P.S.,* by *William R. Hickman* and *Ron J. Perey,* for respondent.

UTTER, J.—Gordon Walgren appeals from a denial of his motion for summary judgment in his favor by the trial court.

The issues involved on appeal are whether a legislator is immune from the service of any civil process during stated times before and during the legislative session, and if so immune, whether such immunity would toll the running of the statute of limitations during those periods of immunity. We hold a legislator, under the facts of this case, is immune from service of civil process, but that the statute of limitations is tolled during the period of immunity.

Richard Seamans was injured in an accident on February 13, 1966 and retained Gordon Walgren, an attorney and state senator, to prosecute his claim.[1] The 3-year statute of limitations expired February 13, 1969 and Seamans alleges Walgren was guilty of malpractice for allowing the statute of limitations to run.

The complaint in the malpractice action was filed during the first week of January 1972 and substituted service was made upon appellant on January 7, 1972 by leaving a copy of summons and complaint with appellant's wife at their residence. On January 7, 1972, the date of service on appellant by substituted process, he was a member of the state legislature which commenced its 1972 session on January 10, 1972 and which continued until February 23, 1972. On February 29, 1972, appellant answered the complaint and pleaded respondent lacked jurisdiction over his person, in-

---

[1]Walgren will hereafter be referred to as appellant and Seamans as respondent.

sufficient process of service and that respondent's actions were barred by the statute of limitations. On September 23, 1972, valid personal service was made on appellant.

The trial court held that article 2, section 16 of the Washington State Constitution could be interpreted to make the January 7, 1972 substituted service effective. It also held that the statute of limitations was tolled during the period a legislator was immune from civil process by virtue of RCW 4.16.230.[2]

█ Respondent argues that article 2, section 16 does not provide immunity from service of process. That section states:

> PRIVILEGES FROM ARREST. Members of the legislature shall be privileged from arrest in all cases except treason, felony and breach of the peace; they shall not be subject to any civil process during the session of the legislature, nor for fifteen days next before the commencement of each session.

It is argued the legislative intent of the framers of the constitution was to protect the legislator from significant interference such as physical arrest and removal of a legislator from the legislative chambers. The basis for this assertion is that at the time the constitution was drafted, a legislator was subject to arrest and bail for civil process,[3] and the immunity privilege should be strictly limited to such interferences.

We cannot so construe our constitutional provision. Article 4, section 14 of the California State Constitution provides: "A member of the Legislature is not subject to civil process during the session of the Legislature or for 5 days before and after a session." Their court in *Harmer v. Superior Court*, 275 Cal. App. 2d 345, 348, 79 Cal. Rptr. 855 (1969), noted that:

---

[2]RCW 4.16.230. "Statute tolled by judicial proceedings. When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action."

[3]Code of 1881, ch. 9, §§ 115-41. Repealed 1927.

article IV, section 14, creates an exemption from civil process without qualification as to the kind or subject matter of the lawsuit. . . . While conveying incidental personal advantage, such immunities are designed to benefit the public by protecting legislators against compelled distraction and interference during the session.

The 1908 Michigan State Constitution, article 5, section 8, provided:

Senators and representatives shall in all cases, except for treason, felony or breach of the peace, be privileged from arrest during sessions of the legislature and for fifteen days next before the commencement and after the termination thereof. They shall not be subject to any civil process during the same period.

In *Auditor General v. Wayne Circuit Judge*, 234 Mich. 540, 542, 208 N.W. 696 (1926), the court noted:

The idea back of the constitutional provision was to protect the legislators from the trouble, worry and inconvenience of court proceedings during the session, and for a certain time before and after, so that the State could have their undivided time and attention in public affairs.

These similar constitutional provisions convince us the immunity was granted by our constitution to protect the legislators from distraction during the stated periods of time and should be broadly construed. Immunity from service of "any civil process" should be granted during the constitutionally described time periods.

A question is raised by respondent about the possible applicaton of this rule if a continuing legislative session is created by law. We do not decide that question at this time. However, it has been observed in *Harmer v. Superior Court, supra* at 349, that "Laws creating an immunity from judicial process, however temporary, inevitably trench upon the judicial function, hence may encounter constitutional objections." *Thurmond v. Superior Court*, 66 Cal. 2d 836, 839-40, 427 P.2d 985, 59 Cal. Rptr. 273 (1967); *Granai v. Witters, Longmoore, Akley & Brown*, 123 Vt. 468, 194 A.2d 391 (1963).

Respondent contends that even if immunity from

service is granted to appellant Walgren, the operation of the statute of limitations was tolled during appellant's period of immunity from service of process and, therefore, the September 23, 1972 service of process upon him was effective to bring him into this action. We agree. Although generally exceptions to a statute of limitations will not be implied, nevertheless where there is an inability to bring a lawsuit this rule is not applied and exceptions are created.

When a person is prevented from exercising his legal remedy by some positive rule of law, the time during which he is prevented from bringing suit is not to be counted against him in determining whether the statute of limitations has barred his right even though the statute makes no specific exception in his favor in such cases. *Braun v. Sauerwein*, 77 U.S. (10 Wall.) 218, 19 L. Ed. 895 (1869); *Amy v. Watertown (No. 2.)*, 130 U.S. 320, 32 L. Ed. 953, 9 S. Ct. 537 (1889); *Wagner v. New York, O. & W. Ry.*, 146 F. Supp. 926 (M.D. Pa. 1956); *Davis v. Wilson*, 349 F. Supp. 905 (E.D. Tenn. 1972).

■ The policy of adding to the time stated in the statute, the period of disability, is reflected in RCW 4.16.230, which provides "When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action." Appellant was immune from service of process 321 days between February 13, 1969 and February 13, 1972, the period of the running of the statute of limitations. Since appellant was personally served on September 23, 1972, 223 days after February 13, 1972, the statute of limitations had not run by that time and the lower court properly obtained jurisdiction over him. The period of time appellant was unavailable for service is properly added to determine the length of time the statute has been tolled.

With regard to RCW 4.16.180, which tolls the statute of limitations during periods of concealment or absence from this state, we have stated in *Summerrise v. Stephens*, 75 Wn.2d 808, 811, 454 P.2d 224 (1969):

The rationale of the tolling statute is that every absence from the state (or a period of hiding or concealment within the state) which prevents a plaintiff from making a service upon a defendant—that would give our courts an in personam jurisdiction—should be excluded in computing the time within which a plaintiff must commence his action.

Appellant contends that this action was never properly commenced against him inasmuch as there was a failure to comply with RCW 4.16.170. That statute provides:

Tolling of statute—Actions, when deemed commenced or not commenced. For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

This statute does not, however, apply to this case. The only sanction provided, by the terms of the statute itself, is that if the complaint is not served within the 90-day period "the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations."

Inasmuch as we have ruled the statute of limitations had not run as of September 23, 1972, the date of service of the complaint, the problem the statute addresses itself to is not an issue in this case. *Bethel v. Sturmer,* 3 Wn. App. 862, 864, 479 P.2d 131 (1970) does not announce a contrary rule. In that case, it was important for the statute of limitations to be tolled by service on the defendant within 90 days

following the filing of the complaint. That additional tolling of the statute is not necessary in this case.

Judgment affirmed.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., concur.