BISHOP v WAYNE CIRCUIT JUDGE

Docket No. 56517. Argued October 9, 1975 (Calendar No. 9).—Decided January 27, 1976.

An original action in the Court of Appeals for superintending control was brought by plaintiff Donald E. Bishop, a State Senator, against defendant Wayne Circuit Judge James Montante for an order to compel quashing a subpoena for taking plaintiff's deposition on September 5, 1974 and requiring plaintiff to produce certain documents, on the basis of plaintiff's privilege against service of civil process during a session of the Legislature. The subpoena arose out of an action against the Michigan State Police and others, and the plaintiffs in that action caused the subpoena to be served on Senator Bishop, who was not a party to it. The Senate had not on the date of service of the subpoena adjourned its regular session *sine die,* but had recessed from July 13 until September 17, 1974. Judge Montante denied plaintiff Bishop's motion that the subpoena be quashed. The Court of Appeals, Lesinski, C. J., and V. J. Brennan and Bashara, JJ., ordered that the subpoena be quashed (Docket No. 21507). Defendant appeals. *Held:*

1. The word "sessions" in Const 1963, art 4, § 11, which creates legislative immunity from civil process, includes regular sessions and special sessions, but does not mean only "working sessions" when the Legislature is actually sitting. Legislative business is not always confined to days when the Legislature is actually sitting and the policy which underlies the privilege is aimed at potential as well as actual distraction from a legislator's public duty.

2. The Constitution specifies the period during which the legislative privilege applies. It is conceivable that immunity unreasonably extended could amount to a denial of due process, particularly if the legislator were an essential party to the litigation. If there is to be a judicial determination that the privilege must give way, the inquiry must focus on whether the need in the individual case is compelling.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 62 Am Jur 2d, Process § 134.

3. This case is decided on the facts before the Court. The subpoena seeks discovery from a non-party in a civil case to prove a point not in dispute and there is no indication that plaintiff Bishop's testimony is crucial to the maintenance of suit or that the facts sought to be discovered from him are unavailable through other sources. The constitutional privilege protecting legislators from civil process obtains when the Legislature is in regular session as defined in Const 1963, art 4, § 13 and this case on its facts does not advance due process interests sufficient to outweigh that privilege.

Affirmed.

1. PROCESS—CONSTITUTIONAL LAW—LEGISLATIVE IMMUNITY.

The constitutional privilege protecting legislators from civil process obtains when the Legislature is in regular session, including intra-session adjournments (Const 1963, art 4, §§ 11, 13).

2. PROCESS—CONSTITUTIONAL LAW—LEGISLATIVE IMMUNITY—DUE PROCESS.

A plaintiff in a civil suit did not advance due process interests sufficient to outweigh the legislative privilege from civil process where the plaintiff sought discovery from a legislator who was not a party in the suit to prove a point not in dispute, there was no indication that the legislator's testimony was crucial to the maintenance of suit or that the facts sought to be discovered from him were unavailable through other sources (Const 1963, art 4, § 11).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Solomon H. Bienenfeld,* First Assistant Attorney General, and *Charles D. Hackney,* Assistant Attorney General, for plaintiff.

*Goodman, Eden, Millender, Goodman & Bedrosian* (by *Richard Soble),* Marc Stickgold, Marilyn Miller Mosier* and *George Corsetti* for defendant.

FITZGERALD, J. Defendant Wayne Circuit Judge appeals from an order of the Court of Appeals quashing a subpoena. The subpoena directed plaintiff, a state senator, to give a pretrial discovery deposition and to produce certain documents in

connection with a civil action which had been assigned to defendant. The issue before us is whether, on the facts of this case, we should judicially construe an exception for intra-session adjournments to this state's constitutional provision granting senators and representatives immunity "from civil arrest and civil process *during sessions of the legislature* and for five days next before the commencement and after the termination thereof ".[1] (Emphasis supplied.)

The action out of which arose the instant complaint for superintending control was brought by one Walter Benkert and a non-profit corporation, Michigan Association for Consumer Protection, for themselves and all persons similarly situated. Named as defendants in that suit were the Michigan State Police, its Director, Col. George Halverson, and Governor William G. Milliken. The complaint alleged that the state police, acting at the request of a state legislator,[2] had conducted investigations of the named plaintiffs. It requested that such investigations be permanently enjoined, and that the fruits thereof be produced before the court for destruction. Defendants therein, through the attorney general, answered the complaint, admitting the following: that the state police had been contacted by a state legislator to conduct an investigation of the named plaintiffs; that the scope of the Benkert investigation included his background and relationship with MACP; that the scope of the investigation of MACP included its background, finances, objectives and membership. Defendants pleaded no contest to the allegation that the state police had exceeded its statutory authority in conducting these investigations.

---

[1] Const 1963, art 4, § 11.

[2] Since identified by the class-action plaintiffs, in an amended complaint, to be one other than plaintiff Bishop.

In connection with the above action, on August 30, 1974, the plaintiffs therein caused to be served on plaintiff Bishop a subpoena directing him to appear at a certain law office at 11:30 a.m. on September 5, 1974, to testify and produce documents. On September 5, plaintiff Bishop filed a motion supported by affidavit in the trial court requesting that the subpoena be quashed on the grounds *inter alia* that he was privileged from civil process. The motion was denied by defendant who reasoned that, although the Legislature had convened on the second Wednesday in January 1974 and had not as of the date of the purported service adjourned its regular session *sine die,* nevertheless the Senate had recessed from July 13 until September 17. Consequently, it was defendant's opinion that plaintiff was "on free time" and should be available to testify.

In quashing the subpoena, the Court of Appeals cited Const 1963, art 4, § 11, and *Auditor General v Wayne Circuit Judge,* 234 Mich 540; 208 NW 696 (1926). In that case, it was unsuccessfully argued on behalf of the defendant Wayne Circuit Judge that the post-judgment writ of garnishment did not subject Representative Culver to civil process since the writ was served on the state, sought only to reach Culver's property in the hands of the state, and compelled him to do nothing. This argument was rejected and the policy underlying the immediate predecessor of article 4, § 11,[3] was articulated as follows:

"This is a too narrow view of the situation. The idea back of the constitutional provision was to protect the legislators from the trouble, worry and inconvenience of court proceedings during the session, and for a certain

---

[3] Const 1908, art 5, § 8.

time before and after, so that the State could have their undivided time and attention in public affairs. Mr. Culver, as principal defendant, had the right to make a defense to the garnishee proceeding. In the present case the garnishee proceeding succeeded in doing just what the constitutional provision was created to avoid. It harassed the legislator, drove him to make a defense in the garnishee proceeding, and deprived him of the means of subsistence pending the balance of the session. We think the case clearly comes within the constitutional inhibition." 234 Mich 541–542.

In the case at bar, rather than argue that plaintiff is not being subjected to civil process, it is contended that the privilege should not apply during intra-session adjournments. In actuality, the term "adjournment" in this sense more properly partakes of the nature of a "recess" in the legislative session.

Article 4, § 13, of our Constitution, in pertinent part, reads:

"The legislature shall meet at the seat of government on the second Wednesday in January of each year at twelve o'clock noon. *Each regular session shall adjourn without day, on a day determined by concurrent resolution,* at twelve o'clock noon." (Emphasis added.)

We are of the opinion that the word "sessions" in article 4, § 11, includes the regular session as defined in article 4, § 13, and the special session of article 4, § 28; article 5, § 15. Thus, we decline the invitation to define "sessions" as meaning only "working sessions" when the Legislature is actually sitting.

Constituent contact, research, committee assignments, and other legislative business are not always confined to days when the Legislature is actually sitting. Under defendant's "free time"

exception, the legislator asserting the privilege could spend as much time and effort convincing the process-issuing court that he was about the public's business and therefore immune as he would subjecting himself to process. The policy which underlies the privilege and which is aimed at the potential as well as actual distraction from public duty would suffer. The Constitution specifies the period during which the privilege applies. If there is to be a judicial determination that the privilege must give way, our inquiry should be focused on whether the need for process in the individual case is compelling.

Defendant contends, with merit, that consistent late December *sine die* adjournments could result in immunity continued from one regular session to the next, and therefore could totally frustrate access to the judicial process. This Court is mindful that unreasonably long periods of immunity could, in a hypothetical case not before us, amount to a denial of due process, particularly if the legislator were an essential party to the litigation. The need of a wife for a judgment of divorce[4] or of a child for a decree of support[5] may compel a legislator's participation in the judicial process. It is conceivable that immunity unreasonably extended could result in a loss of a cause of action without a judicial tempering of the privilege, such as a rule tolling the statute of limitations during the period of inability to pursue process.[6] However, we are also mindful that we deal with a privilege

[4] *See Granai v Witters, Longmoore, Akley & Brown,* 123 Vt 468; 194 A2d 391 (1963), which involved an action for divorce and where the statutory privilege applied to legislators as party or attorney.

[5] *See Thurmond v Superior Court of the City & County of San Francisco,* 66 Cal 2d 836; 59 Cal Rptr 273; 427 P2d 985 (1967), which involved a paternity action and where the statutory privilege extended to legislators as attorney.

[6] *See Seamans v Walgren* 82 Wash 2d 771; 514 P2d 166 (1973).

created not by statute, but by our Constitution.[7] Today, we decide the scope of the privilege on the facts before us. As to other facts "[c]hoice may prudently be postponed until choice becomes essential".[8]

In this case, there is no indication that the testimony of plaintiff Bishop is crucial to the maintenance of suit or that facts sought to be discovered from him are unavailable through other sources. From the Benkert pleadings it appears that the need advanced in opposition to the specific constitutional privilege here at issue is that of discovery from a non-party in a civil case to prove a point not in dispute. In the Benkert action, it was conceded that the investigations had been requested by a member of the Legislature and that the investigations were beyond the statutory authority of the state police.

We therefore hold that the constitutional privilege from civil process obtains when the Legislature is in regular session, as defined in art 4, § 13, that this case on its facts does not advance due process interests sufficient to outweigh that privilege, and that the Court of Appeals did not err in quashing the subpoena.

Affirmed. No costs, a public question.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, and LINDEMER, JJ., concurred with FITZGERALD, J.

RYAN, J., took no part in the decision of this case.

---

[7] *See Seamans, supra. See, also, Harmer v Superior Court of Sacramento County,* 275 Cal App 2d 345; 79 Cal Rptr 855 (1969).

[8] Cardozo, C. J., in *People ex rel Hastings v Hofstadter,* 258 NY 425 at 430; 180 NE 106 at 108; 79 ALR 1208 at 1210 (1932), a case involving the assertion of a statutory privilege from civil arrest against a legislative subpoena.