[Civ. No. 19902. Third Dist. June 30, 1981.]

GAIL C. MILLER, Plaintiff and Respondent, v.
BOARD OF SUPERVISORS OF TRINITY COUNTY, Defendant
and Appellant.

COUNSEL

Ronald Barbatoe, District Attorney, William W. Ballew and James H. Dippery, Jr., Assistant District Attorneys, for Defendant and Appellant.

Spurlock & Thatch, Delbert L. Spurlock, Jr., and Gregory D. Thatch for Plaintiff and Respondent.

OPINION

PARAS, J.—California Constitution, article XX, section 3, requires that "all public officers and employees, executive, legislative, and judicial, *except such inferior officers and employees as may be by law exempted*, shall, before they enter upon the duties of their respective offices," (italics added) take a specific oath of allegiance commonly known as a "loyalty oath."

Plaintiff Miller was an "Account Clerk I" at the Trinity County Hospital, and an employee of Trinity County. She is a resident alien (a citizen of Canada). Shortly after her employment she was asked to sign the oath and refused. She was thereupon discharged, and the defendant Board of Supervisors of Trinity County refused to reinstate her. The trial court granted her petition and mandated reinstatement with back pay. Defendant has appealed.

■ The following enumeration and quotation of sections of the Government Code quickly demonstrate the correctness of the trial judge's conclusion that in response to its constitutional authority the Legislature has exempted Miller from the oath requirement.

Section 3100. "It is hereby declared that the protection of the health and safety and preservation of the lives and property of the people of the state from the effects of natural, manmade, or war-caused emergencies which result in conditions of disaster or in extreme peril to life, property, and resources is of paramount state importance requiring the responsible efforts of public and private agencies and individual citizens. In furtherance of the exercise of the police power of the state in protection of its citizens and resources, all public employees are hereby declared to be disaster service workers subject to such disaster service activities as may be assigned to them by their superiors or by law."

Section 3101. "For the purpose of this chapter the term 'disaster service worker' includes *all public employees* and all volunteers in any disaster council or emergency organization accredited by the California Emergency Council. The term 'public employees' includes all persons employed by the state or any county, city, city and county, state agency or public district, *excluding aliens legally employed.*" (Italics added.)

Section 3102. "All disaster service workers shall, before they enter upon the duties of their employment, take and subscribe to the oath or affirmation required by this chapter. In the case of intermittent, temporary, emergency or successive employments, then in the discretion of the employing agency, an oath taken and subscribed as required by this chapter shall be effective for the purposes of this chapter for all successive periods of employment which commence within one calendar year from the date of such subscription."

Section 3103. "The oath or affirmation required by this chapter is the oath or affirmation set forth in Section 3 of Article XX of the Constitution of California."

There is nothing equivocal about the legislative expression. All disaster service workers must take the oath. (§ 3202.) Disaster service workers include inter alia all public employees, who in turn are all persons employed by the state or any county, etc., except "aliens legally

employed." (§ 3101.) Miller was such an alien.[1] Article XX, section 3 has been fulfilled.

Other contentions of defendant merit no discussion. The judgment is affirmed.

Puglia P. J., and Evans J., concurred.

A petition for a rehearing was denied July 24, 1981.

---

[1]Why the Legislature chose to deal with the loyalty oath subject in a "disaster service workers" context we cannot begin to comprehend.