430 So.2d 981 (1983)
Michelle MIDDLETON, Appellant,
v.
Robert Lee SILVERMAN, Jorge Alfred Perez, State Farm Insurance Company and Government Employees Insurance Company, Appellees.
No. 82-1267.
District Court of Appeal of Florida, Third District.
May 10, 1983.
*982 Horton, Perse & Ginsberg and Arnold Ginsberg, Richard J. Borecky, Miami, for appellant.
Mitchell, Harris, Canning, Murray & Usich and Robert Usich, Barnett & Clark and Frank Allocca, Miami, for appellees.
Before HENDRY, NESBITT, and DANIEL S. PEARSON, JJ.
PER CURIAM.
Sometime after 2:00 p.m. on the last day for filing a civil action against the defendants, Silverman and Perez, the plaintiff attempted to file a complaint at the Dade County Courthouse. It is undisputed that the courthouse, which is normally open until 5:00 p.m. on a business day, was closed at 2:00 p.m. because of a civil disturbance in the City of Miami. The courthouse reopened the following day and the complaint was filed at that time. The plaintiff appeals from the dismissal of her complaint on statute of limitations grounds.
Because it is undisputed that the plaintiff made a positive and identifiable attempt to commence the action within the applicable statute of limitations and because it is also undisputed that this attempt was frustrated due to the court being closed as a result of civil disorder, we reverse the order dismissing the plaintiff's complaint against defendants, Silverman and Perez. Wagner v. New York, Ontario and Western Ry., 146 F. Supp. 926 (M.D.Pa. 1956), see also Davis v. Wilson, 349 F. Supp. 905 (E.D. Tenn.), aff'd, 471 F.2d 653 (6th Cir.1972); Seamans v. Walgren, 82 Wash.2d 771, 514 P.2d 166 (1973); 51 Am.Jur.2d Limitations of Actions § 140 (1970) and cases collected therein.
In an attempt to support the order appealed from, appellees argue that, pursuant to Florida Rule of Civil Procedure 1.080(e), the appellant could have filed the complaint with a circuit court judge. We reject the notion that a party be required to ferret out a judge willing to accept papers filed by a litigant. The appellees have not told us nor would we want to determine how many judges a party would be required to contact before it could be said that the party has met its burden of showing that the papers could not be filed. Given the uncertainty of this procedure and the intolerable burden it would place upon the litigant who expects to have a definite means of compliance with the inflexible rules governing the statute of limitations, we decline to accept the appellees' position.
*983 We also reverse the order dismissing the complaint against the remaining defendants, State Farm Mutual Automobile Insurance Co. and Government Employees Insurance Co. The cause of action against an insurance carrier whose liability is purely derivative does not accrue, for limitation purposes, until the entry of judgment against the tortfeasor. Clemons v. Flagler Hospital, Inc., 385 So.2d 1134 (Fla. 5th DCA 1980).
Reversed and remanded with directions to reinstate the complaint.