GOLDEN v FAXON

Docket No. 64742. Submitted October 20, 1983, at Detroit. Decided
November 14, 1983.

In October, 1981, plaintiff, Richard Golden, commenced a suit in
the Wayne Circuit Court for contract rescission. Named as the
defendant in the action was Jack Faxon, Seventh District State
Senator. Defendant moved to quash service of process based
upon his constitutional and statutory privilege from civil pro-
cess during sessions of the Legislature. The trial court, Lucile
A. Watts, J., entered an order denying defendant's motion after
finding that recognition of the privilege in this case would
result in a denial of due process to plaintiff, since defendant is
a necessary party and since the Legislature adjourned *sine die*
in late December, 1981, thereby making defendant immune
from civil process between the 1981 and 1982 legislative ses-
sions. Defendant appeals, by leave granted, from that order.
*Held:*

1. The trial court committed clear error in this case. While
consistent late December *sine die* adjournments of the Legisla-
ture may result in a denial of due process because of the
inability to effect service of process on an essential litigant, the
single late December adjournment did not cause an unreason-
ably long period of immunity in this case.

2. Plaintiff has not shown that it will be impossible, within
the constraints of Const 1963, art 4, § 11, to effect service of
process on defendant and bring him before the court to answer
the complaint.

Reversed.

PROCESS — CONSTITUTIONAL LAW — LEGISLATURE IMMUNITY.

A trial court erred in denying a motion to quash service of
process on a defendant who is a state legislator on the ground
that recognition of the constitutional and statutory privilege

REFERENCES

Am Jur 2d, Process § 134.

Am Jur 2d, States § 55.

See the annotations in the ALR3d/4th Quick Index under Service
of Process and Papers.

from civil process during sessions of the Legislature would result in a denial of due process to the plaintiff where the plaintiff did not show that it will be impossible within the constraints of the constitution to effect service of process on the defendant and bring the defendant before the court to answer the complaint (Const 1963, art 4, § 11; MCL 600.1831[3]; MSA 27A.1831[3]).

*Law Offices of Clifford J. DeVine* (by *Clifford J. DeVine* and *Clifford J. Dovitz*), for plaintiff.

*Bromberg, Robinson, Shapero, Cohn & Burgoyne, P.C.* (by *Michael M. Jacob*), and *Weinbaum, Willis & Abbo, P.C.* (by *Kent B. Willis*), of counsel, for defendant.

Before: D. F. WALSH, P.J., and T. M. BURNS and N. LAMBROS,* JJ.

PER CURIAM. Defendant, Jack Faxon, 7th District State Senator, appeals, by leave granted, from the denial of his motion to quash service of process.

Defendant's motion to quash service of process, following plaintiff Richard Golden's commencement of suit against him for contract rescission in October, 1981, was based on his constitutional and statutory privilege from civil process during sessions of the Legislature. Const 1963, art 4, § 11 and[1]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1]
Except as provided by law, senators and representatives shall be privileged from civil arrest and civil process during sessions of the legislature and for five days next before the commencement and after the termination thereof.

The constitutional provision was amended by the people at the November 2, 1982, general election, effective December 18, 1982. The sole change effected by the amendment was the addition of the prefatory words "Except as provided by law." There has as of yet been no legislative response to the amendment.

MCL 600.1831(3); MSA 27A.1831(3).[2] The trial court found that recognition of the privilege in this case would result in a denial of due process to plaintiff, since defendant is a necessary party and since the Legislature adjourned *sine die* in late December, 1981, thereby making defendant immune from civil process between the 1981 and 1982 legislative sessions. See *Bishop v Wayne Circuit Judge,* 395 Mich 672, 677; 237 NW2d 465 (1976).

In our judgment, the trial court committed clear error in this case. The constitution and statute provide clearly and unambiguously for the legislators' privilege from civil process during sessions of the Legislature. While consistent late December *sine die* adjournments of the Legislature may result in a denial of due process because of the inability to effect service of process on an essential litigant, we find that a single late December adjournment did not cause an unreasonably long period of immunity in this case. *Bishop v Wayne Circuit Judge, supra,* p 677. Plaintiff has not shown that it will be impossible, within the constraints of Const 1963, art 4, § 11, to effect service of process on defendant and to bring defendant before the court to answer his complaint.

Reversed. No costs, a public question.

---

[2]

Civil process shall not be served on any senator or representative during sessions of the legislature and for 15 days next before the commencement and after the end of each session.