TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 96-1001 |
| of | : | |
| | : | March 20, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE DARRELL W. LARSEN, COUNTY COUNSEL, SUTTER COUNTY, has requested an opinion on the following question:

Must an appointee to a county mental health board take the oath of office prescribed by section 3 of article XX of the Constitution?

CONCLUSION

An appointee to a county mental health board must take the oath of office prescribed by section 3 of article XX of the Constitution.

ANALYSIS

Section 3 of article XX of the Constitution provides:

"Members of the Legislature, and all public officers and employees, executive, legislative, and judicial, except such inferior officers and employees as may be by law exempted, shall, before they enter upon the duties of their respective offices, take and subscribe the following oath or affirmation:

"`I, _____, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States and the Constitution of the State of California against all enemies, foreign and domestic; that I will bear true faith and allegiance to the Constitution of the United States and the Constitution of the State of California; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties upon which I am about to enter.'

"`And I do further swear (or affirm) that I do not advocate, nor am I a member of any party or organization, political or otherwise, that now advocates the overthrow of the Government of the United States or the State of California by force or violence or other unlawful means; that within the five years immediately preceding the taking of this oath (or affirmation) I have not been a member of any party or organization, political or otherwise, that advocated the overthrow of the Government of the United States or

of the State of California by force or violence or other unlawful means except as follows:

_____

(If no affiliations, write in the words "No Exceptions") and that during such time as I hold the office of _____ I will not advocate nor become a member of any
                (name of office)
party or organization, political or otherwise, that advocates the overthrow of the Government of the United States or of the State of California by force or violence or other unlawful means.'

"And no other oath, declaration, or test, shall be required as the qualification for any public office or employment.

"`Public officer and employee' includes every officer and employee of the State, including the University of California, every county, city, city and county, district, and authority, including any department, division, bureau, board, commission, agency, or instrumentality of any of the foregoing." **Footnote No. 1**

The question presented for resolution is whether an appointee to a county mental health board must take the foregoing oath of office. We conclude that such an appointee must do so.

The primary issue to be addressed is whether the members of a county mental health board are "public officers" for purposes of the constitutional oath requirement. **Footnote No. 2** It has been suggested that they are merely an "advisory body" performing no official acts sufficient to come within the constitutional directive. (See *Parker* v. *Riley* (1941) 18 Cal.2d 83; *Harmer* v. *Superior Court* (1969) 275 Cal.App.2d 345; 57 Ops.Cal.Atty.Gen. 583 (1974); 42 Ops.Cal.Atty.Gen. 93 (1963); Cal. Atty. Gen., Indexed Letter, No. IL 69-226 (Nov. 18, 1969).) In 62 Ops.Cal.Atty.Gen. 325, 326 (1979), we concluded:

"Members of county advisory commissions or similar groups whose functions are purely advisory and not part of the governmental functions of the county and who receive no compensation other than reimbursement for actual expenses are not required to take an oath of office."

In examining this issue, we first note that county mental health boards are established under the provisions of the Bronzan-McCorquodale Act (Welf. & Inst. Code, §§ 5600-5772; hereafter "Act"). **Footnote No. 3** Each board generally has 10 to 15 members appointed by the board of supervisors. The membership on a board must include persons having knowledge and experience in mental health care matters. (§ 5604.) The powers and duties of a board are set forth in section 5604.2, which states:

"(a) The local mental health board shall do all of the following:

"(1) Review and evaluate the community's mental health needs, services, facilities, and special problems.

"(2) Review any county agreements entered into pursuant to Section 5650.

"(3) Advise the governing body and the local mental health director as to any aspect of the local mental health program.

"(4) Review and approve the procedures used to ensure citizen and professional involvement at all stages of the planning process.

"(5) Submit an annual report to the governing body on the needs and performance of the county's mental health system.

"(6) Review and make recommendation on applicants for the appointment of a local director of mental health services. The board shall be included in the selection process prior to the vote of the governing body.

"(7) Review and comment on the county's performance outcome data and communicate its findings to the California Mental Health Planning Council.

"(8) Nothing in this part shall be construed to limit the ability of the governing body to transfer additional duties or authority to a mental health board.

"(b) It is the intent of the Legislature that, as part of its duties pursuant to subdivision (a), the board shall assess the impact of the realignment of services from the state to the county, on services delivered to clients and on the local community."

Section 5604.5 additionally provides:

"The local mental health board shall develop bylaws to be approved by the governing body which shall:

"(a) Establish the specific number of members on the mental health board, consistent with subdivision (a) of Section 5604.

"(b) Ensure that the composition of the mental health board represents the demographics of the county as a whole, to the extent feasible.

"(c) Establish that a quorum be one person more than one-half of the appointed members.

"(d) Establish that the chairperson of the mental health board be in consultation with the local mental health director.

"(e) Establish that there may be an executive committee of the mental health board."

Subdivision (a)(4) of section 5604.2 requires each board to "[r]eview and approve of the procedures used to ensure citizen and professional involvement at all stages of the [mental health services delivery] planning process." A cursory examination of the Act (see, e.g., §§ 5600.2, 5600.3, 5600.4, 5600.5, 5600.6, 5600.7, and 5600.9) demonstrates that there may be significant variation with respect to whom, when, and where mental health services will be delivered in a particular county using available resources. The planning process is critical to the delivery of such services throughout a county.

Each board thus has an affirmative duty to take action in an area that may materially affect a county's mental health care delivery program. As such, board members meet the test of being "public officers":

"`. . . [A] county officer is a public officer and may be specifically defined to be one who fills a position usually provided for in the organization of counties and county governments and is selected by the political subdivision of the state called the "county" to represent that governmental unit, continuously and as part of the regular and permanent administration of public power, in carrying out certain acts with the performance of which it is charged in behalf of the public. [Citation.]' " (*Dibb* v. *County of San Diego* (1994) 8 Cal.4th 1200, 1212.)

A board's power to provide in its bylaws for "the specific number of members on the mental health board" (§ 5604.5, subd. (a)) constitutes an exercise of the sovereign powers of government, i.e., the exercise of a quasi-legislative function. (See *Spreckels* v. *Graham* (1924) 194 Cal. 516, 530.)

Because of their prescribed duties and responsibilities, as set forth above, county mental health boards may be distinguished from the various advisory committees considered in 62 Ops.Cal.Atty.Gen. 325, *supra*, as well as the local mental health advisory boards considered in our Indexed Letter No. 69-226, *supra*. County mental health board members do not merely render advice to other county officials.

We conclude that an appointee to a county mental health board is a "public officer" who must take the oath of office prescribed by section 3 of article XX of the Constitution.

\* \* \* \* \*

---

**Footnote No. 1**
The second paragraph of the oath required by the Constitution was ruled invalid by the Supreme Court in *Vogel* v. *County of Los Angeles* (1967) 68 Cal.2d 18, 26.
**Footnote No. 2**
County mental health board members have not been exempted by law as "inferior officers." (See *Miller* v. *Board of Supervisors* (1981) 121 Cal.App.3d 184, 185-187.)
**Footnote No. 3** Unidentified section references hereafter are to the Welfare and Institutions Code.