COPE, J.
(dissenting).
As the failure to make the payment was not the fault of the litigant, we should affirm the order now under review.
I.
This is a commercial eviction case in which Park Adult Residential Facility, Inc. is the landlord and Dan Designs, Inc. is the tenant. The property is located on Ocean Drive in Miami Beach. The tenant took possession in 2002.
In 2006, the parties renewed the lease for a five-year term. The tenant paid the landlord $150,000 upon the renewal for capital improvements and costs reimbursements.
In 2009, the landlord filed a complaint for eviction for nonpayment of rent for the month of September 2009. The landlord filed a motion for an order directing the tenant to deposit the monthly rent into the court registry.
On Thursday October 29, 2009, the court entered an agreed order directing the tenant to deposit the rent for September and October 2009 in the court registry within three days. This meant that the due date for the deposit was Tuesday November 3, 2009. See § 83.232(1), Fla. Stat. (2009).
Under the statute, there are drastic consequences if the court-ordered deadline is not met. “Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant’s defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.” Id. § 83.232(5).
At the time the agreed order was entered, the tenant was represented by attorneys at the firm of Rothstein Rosen-feldt Adler (“RRA”) in Ft. Lauderdale, Florida. On Sunday November 1, federal authorities seized the law firm premises in connection with an alleged Ponzi scheme carried out by the law firm’s senior partner, Scott W. Rothstein.*
Turmoil at the law firm ensued. According to the attorneys, the firm no longer had an ability to issue trust account checks. It was therefore necessary for the tenant to obtain cashier’s checks to deposit in the court registry.
On Monday November 2, the tenant obtained two official checks issued by Citibank, each in the amount of $21,400, for a total of $42,800. On November 3, the tenant provided these checks to counsel. Counsel arranged for one of the RRA law firm’s in-house couriers to deliver the checks to the registry of the court in Mia *814 mi. The same day counsel served a notice of payment to the court registry and attached copies of the Citibank checks.
However, during the work day on November 3, the law firm employees were informed that they would no longer be paid. Many employees, including the one or ones responsible for delivering these checks, walked off the job. Accordingly the November 3 deadline passed without the checks being deposited in the registry of the court.
On November 4, counsel learned of the nondelivery of the checks. Counsel personally took the checks to the court registry in Miami on November 4 but the clerk refused to accept the checks because they were tendered a day late.
On November 9, the tenant filed a motion for the court to accept payment of the rent into the court registry. On November 19, the landlord filed an ex parte application for order of default and immediate possession.
After hearing argument, the court granted relief to the tenant, and authorized the tenant to deposit the past due rent into the court registry. The tenant did so. The landlord has appealed.
II.
I cannot agree with the assertion in the majority opinion that the trial court was without authority to grant relief. “Statutes should be construed in light of the manifest purpose to be achieved by the legislation.” Tampa-Hillsborough County Expressway Auth. v. K.E. Morris Alignment Serv., Inc., 444 So.2d 926, 929 (Fla.1983). The purpose of this statute is to assure that the landlord will be paid for the rent which accrues during eviction litigation. The tenant acted in accordance with the statute. The tenant timely obtained bank checks totaling $42,800 and gave them to counsel for delivery to the registry of the court. Counsel gave the checks to a law firm employee who subsequently walked off the job without delivering the checks. Counsel personally took the checks to the court the next day, but the clerk refused to accept them.
The majority opinion relies on Kosoy Kendall Assocs., LLC v. Los Latinos Restaurant, Inc., 10 So.3d 1168 (Fla. 3d DCA 2009), but that case is not like this one. In that case the deadline was February 1, 2009. The landlord filed an ex parte motion for possession on February 2. The tenant tendered payment on February 5. In that case the defendant did not come up with the funds until after the court-ordered deadline. In this case the tenant timely obtained the funds and timely arranged for delivery, only to have delivery frustrated (through no fault of the tenant) when the courier walked off the job.
In analogous circumstances, this court has granted relief. In Middleton v. Silverman, 430 So.2d 981 (Fla. 3d DCA 1983), the plaintiff attempted to file a complaint at the Dade County Courthouse on the last day of the statute of limitations. The plaintiff arrived at the courthouse after 2 p.m., only to learn that the courthouse had closed at two o’clock (instead of staying open until five o’clock) because of a civil disturbance in the City of Miami. Id. at 982. The following day, the courthouse reopened and the plaintiff filed the complaint. The trial court dismissed the complaint as being time-barred but this court reversed because “the plaintiff made a positive and identifiable attempt to commence the action within the applicable statute of limitations and because it is also undisputed that this attempt was frustrated due to the court being closed as a result of civil disorder....” Id. Filing on the next business day was deemed to be timely.
*815 The facts of this case are analogous. Here the tenant made a positive and identifiable effort to comply with the statute by obtaining the funds in the form of official checks acceptable to the circuit clerk, and delivering them to counsel for deposit in the court registry. This effort was frustrated because of the fortuity that the RRA employee walked off the job without delivering the checks.
The trial court rightly pointed out that the dereliction in this case should not be held against the client. The Florida Supreme Court has said that a court’s decision to dismiss a case “based solely on the attorney’s neglect unduly punishes the litigant and espouses a policy that this Court does not wish to promote.” Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993). In that case, plaintiffs counsel failed to amend a complaint within a court ordered deadline. The trial court dismissed the action with prejudice. On review, the Florida Supreme Court adopted factors to be considered in determining whether a trial court should grant dismissal with prejudice:
1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noneomplianee; and 6) whether the delay created significant problems of judicial administration.
Id. at 818; see also Beasley v. Girten, 61 So.2d 179, 181 (Fla.1952). All of the Kozel factors weigh in the tenant’s favor here. The fault was the fault of the law firm employee, not the client.
III.
To the extent that the majority opinion may be concerned about a “slippery slope” argument, the issue in this case is confined to a situation where the tenant has done what was required under the statute— timely obtained the funds which are required to be deposited in the registry of the court and timely provided the funds to the law firm for delivery to the registry of the court. It is difficult to imagine that the legislature intended the unreasonable consequence occasioned by the majority opinion. As the Florida Supreme Court has said, “We have long held that the Court should not interpret a statute in a manner resulting in unreasonable, harsh, or absurd consequences.” Fla. Dep’t of Envtl. Prot. v. ContractPoint Fla. Parks, LLC, 986 So.2d 1260, 1270 (Fla.2008).
For the stated reasons, we should affirm the order which allowed the tenant to deposit the funds into the court registry (which the tenant has done), and which denied the landlord’s request for immediate eviction.

 The alleged Ponzi scheme had nothing to do with this tenant, who was a client of the RRA law firm.